**Anita THOMAS, as Personal Representative of the Estate of Jack W. Robinson, Plaintiff,**

v.

**BURLINGTON INDUSTRIES, INC., Provident Life and Accident Insurance Company, and Voluntary Employee Beneficiary Association, Defendants.**

No. 91–8267–CIV.

United States District Court, S.D. Florida.

Aug. 8, 1991.

Karen Valente of Jordan & Stinson, P.A., West Palm Beach, Fla., for plaintiff.

Laura H. Roberts of Coll, Davidson, Carter, Smith, Salter & Barkett, P.A., Miami, Fla., for defendants.

## ORDER ON MOTION TO DISMISS OR TO STRIKE

PAINE, District Judge.

This matter comes before the court on the Defendants' Motion to Dismiss or to Strike (DE 3). Having reviewed the record, the memoranda of counsel and relevant authorities, the court enters the following order.

## BACKGROUND

On March 28, 1991, the Plaintiff, Anita Thomas ("Thomas"), commenced this action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, seeking relief as a result of the Defendants' alleged breach of contract to provide benefits under a group health insurance policy. According to Thomas, the Defendants wrongfully canceled the Decedent's, JACK W. ROBINSON, policy of insurance for non-payment. Thereafter, on May 9, 1991, the Defendants removed the proceeding to this court on ground that federal question jurisdiction existed, insofar as the Plaintiffs' claims or rights arose under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. Next the Defendants filed a Motion to Dismiss or to Strike (DE 3) in which they asserted that this action should be dismissed as the Plaintiff's state law cause of action was preempted by ERISA.

As removal based on the existence of a federal question must allege all facts essential to the existence of that federal question and since the Defendants removed the case on the "bare-bones" contention that jurisdiction existed as a result of ERISA preemption, the court, by order dated May 24, 1991 (DE 5), ordered the Defendants to provide sufficient factual support to answer the preliminary question: Does an ERISA welfare benefit plan exist? Thereafter, the Plaintiff was required to either (1) provide the court with *evidence* opposing the Defendants' submission; or (2) notify the court of its agreement in the existence of an ERISA benefit plan, in addition to responding to the Defendant's Motion.

## ERISA WELFARE BENEFIT PLAN: PROPER REMOVAL

At the outset it must be recognized that the existence of an ERISA plan is a question of fact. *Gahn v. Allstate Life Ins. Co.*, 926 F.2d 1449, 1451 (5th Cir.1991). In support of their position that a welfare benefit plan does exist, the Defendants have submitted the following: (1) the affidavit of Robert E. Garren, the Director of Compensation and Group Benefits at Burlington Industries, Inc. ("Burlington") and (2) a copy of the group plan of insurance which Burlington issued its employees at the time in question. Thomas, on the other hand, has neglected to provide any *evidentiary* support in opposition, and makes the bare conclusory assertion that "Plaintiff's claim is not governed by ... ERISA." Argument of counsel in a memorandum of law, however, is not evidence. *See Prince v. Sun Shipbuilding & Dry Dock Corp.*, 86 F.R.D. 106, 107 (E.D.Pa. 1980). Thus, based on an examination of the documentation provided by the Defendants, the court concludes that the policy in question is an ERISA welfare benefit plan

in that it satisfies the criteria established in *Donovan v. Dillingham,* 688 F.2d 1367 (11th Cir.1982) *(en banc )* and does not fall within safe harbor provisions prescribed by the Secretary of Labor in 29 C.F.R. § 2510.3–1(j).

## MOTION TO DISMISS: LEGAL STANDARD

■ Upon consideration of a Motion to Dismiss, all well pled allegations of the complaint must be taken as true and construed favorably to the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Jacobs v. Board of Regents,* 473 F.Supp. 663 (S.D.Fla.1979). Additionally, consideration of matters beyond the four corners of the complaint is improper in the context of a motion to dismiss. *Milburn v. United States,* 734 F.2d 762 (11th Cir.1984).

The rules of pleading under the Federal Rules of Civil Procedure are very liberal. Rule 8(a) merely requires that the complaining party provide:

> (1) a short plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it (2) a short, plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

■ Under the standard established in *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), a Motion to Dismiss should not be granted unless the Plaintiff can prove no set of facts in support of his claim entitling him to relief. Thus, a Complaint may not be dismissed because the Plaintiff's claims do not support the legal theories on which he relies because the court must determine if the allegations form a basis for relief on any possible theory. *See Robertson v. Johnston,* 376 F.2d 43 (5th Cir.1967).

## ERISA PREEMPTION

■ In order to bring about a uniformity of decisions, so as to help participants, beneficiaries, and plan administrators predict the legality of proposed actions without the necessity of reference to varying state laws, ERISA preempts "all State laws insofar as they … relate to any employee benefit plan." 29 U.S.C. § 1144(a). The "relate to" language of section 1144(a) has been broadly interpreted as encompassing any state law that has a "connection with or reference to" an employee benefit plan. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983).[1]

■ However, in what has come to be known as the ERISA "savings clause," 29 U.S.C. § 1144(b)(2)(A), Congress stated that ERISA was not intended to supersede state laws which "regulate[ ] insurance," and that the rights of the states to regulate the "business of insurance" is preserved. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). The United States Supreme Court, taking a "common sense view" of the language of the savings clause, has held that three criteria are to be used to determine if a particular practice falls within the regulation of the "business of insurance"

> *[F]irst,* whether the practice has the effect of transferring or spreading a policyholder's risk; *second,* whether the practice is an integral part of the policy relationship between the insurer and the insured; and *third,* whether the practice is limited to entities within the insurance industry.

*Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 743, 105 S.Ct. 2380, 2391, 85 L.Ed.2d 728 (1985) (quoting *Union Labor Life Ins. Co. v. Pireno,* 458 U.S. 119, 129, 102 S.Ct. 3002, 3008, 73 L.Ed.2d 647 (1982)) (emphasis in original).

■ In light of this guiding case law, the court concludes that the "statute" upon which Thomas grounds her claim falls out-

---

**1.** Of course those causes of action which are not preempted by ERISA can be maintained in state court or in federal district court if independent jurisdictional grounds exist. *See, e.g., Williams v. Wright,* 927 F.2d 1540, 1550 (11th Cir.1991) (state law claims not preempted by the Act are maintainable separate from ERISA claim).

side the ERISA savings clause. An examination of the Plaintiff's Complaint fails to reveal any specific statutory basis for her claim. Rather, paragraph eleven of the Complaint states that the Defendant "wrongfully canceled" the Plaintiff's policy of insurance, while paragraph thirteen alleges that consequential and incidental damages were suffered as a result of the Defendants' "breach of contract." Based on this language, it is clear that Thomas seeks recovery under a common law breach of contract theory. As a "common sense view" of this claim does not satisfy the three criteria used to determine if a particular practice regulates the "business of insurance," the Plaintiff's action, therefore, is preempted or supplanted by ERISA. *See Mullenix v. Aetna Life and Cas. Ins. Co.*, 912 F.2d 1406 (11th Cir.1990) (breach of contract action for failure to pay insurance benefits was preempted by ERISA); *Belasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277 (11th Cir.1987) (ERISA savings clause did not apply to claims against insurer for bad faith because the Alabama law of bad faith had roots in general common law principles of tort and contract law, which was not "related to" the insurance industry); *Phillips v. Amoco Oil Co.*, 799 F.2d 1464 (11th Cir.1986), *cert. denied*, 481 U.S. 1016, 107 S.Ct. 1893, 95 L.Ed.2d 500 (1987) (common law fraud claim was supplanted by ERISA); *Anschultz v. Connecticut General Life Ins. Co.*, 850 F.2d 1467 (11th Cir.1988) (statute providing civil remedies against insurers who did not attempt to settle claims in good faith or who did not promptly settle claims due under a policy coverage was preempted by ERISA); *Howard v. Parisian, Inc.*, 807 F.2d 1560 (11th Cir.1987) (ERISA displaced state law claims for breach of contract and bad faith refusal to pay benefits).

## CONCLUSION

It appears that in recent years, a Plaintiff who may have been denied benefits under an insurance policy will seek help from an attorney, who may, in turn, file an action in state court seeking relief under a state law remedy. As a result of recent decisions regarding the broad preemptive scope of ERISA, such a Plaintiff will often find their case removed to United States District Court and a Motion to Dismiss or Motion for Summary filed thereafter by the Defendant on the grounds of preemption. In light of the increased removal of actions to this court on the "bare-bones" contention that federal question jurisdiction exists as a result of ERISA preemption, it has become the policy of the undersigned to require a removing Defendant to provide sufficient factual support to answer the preliminary question: Does an ERISA welfare benefit plan exist?

The purpose of doing so is to bring about an expedient resolution of the issue by either remanding the case to state court if a benefit plan does not exist or granting leave to amend to state a cause of action under ERISA if the Plaintiff concedes that a plan does exist and seeks to amend its Complaint. Therefore, as an aid to the respective parties, the court's standard order, which is some fourteen pages in length, sets forth the current state of law as to (1) the requirements for the establishment of an ERISA welfare benefit plan; and (2) the broad preemptive scope of ERISA and this court's resultant jurisdiction.

Surprisingly, the Plaintiff has apparently overlooked or misunderstood the latter topic, including that section of the court's order which discusses the United States Supreme Court decisions of *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–66, 107 S.Ct. 1542, 1546–1548, 95 L.Ed.2d 55 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985), as well as the Eleventh Circuit Court of Appeals decision of *Belasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277, 282 (11th Cir.1987). This binding precedent holds that if the stated cause of action "relates to" an ERISA plan, ERISA preemption converts a state law claim into a federal question for purpose of removal. *Belasco*, 833 F.2d at 282 (citing *Taylor*, 481 U.S. at 66–67, 107 S.Ct. at 1547–1548). The "broad common-sense meaning" of the term "relates to" must be used in determin-

ing whether common law causes of action fall under the ERISA preemption clause. *Belasco*, 833 at 281 (citing *Dedeaux*, 481 U.S. at 47, 107 S.Ct. at 1553).

Instead of seeking leave to amend her Complaint to state a cause of action under ERISA, the Plaintiff argues that (1) the plan at issue is not governed by ERISA, without any evidence or documentation to support her position; and (2) that her common law claim for either breach of contract and/or wrongful cancellation, "regulates insurance" and, therefore, escapes being displaced by ERISA. It is apparent, therefore, that counsel for the Plaintiffs has ignored the detailed instructions of the court, supported by precedent cited in this and previous orders. This is one instance where it may have been better to have conceded defeat in the battle, that is, seek leave to amend the Complaint to state a cause of action pursuant to ERISA, than to lose the war, have the Complaint dismissed without prejudice for failure to state a claim for which relief may be granted.

In view of all the foregoing, it is hereby ORDERED and ADJUDGED that the Defendants' Motion to Dismiss or to Strike (DE 3) is GRANTED. This case is DISMISSED WITHOUT PREJUDICE. The clerk of court is directed to close this file. Any refiled action should state a proper claim under ERISA with specific notation of this prior case number. *See* Rule 6 of the General Rules of the United States District Court for the Southern District of Florida.

DONE and ORDERED.