**Rogelio SOLANO, Plaintiff,**

v.

**SOUTHEAST BANK, N.A., Defendant.**

**No. 91–6897–CIV.**

United States District Court,
S.D. Florida,
West Palm Beach Division.

May 19, 1992.

Rogelio Solano, pro se.

Pat Patrissi of English, McCaughan & O'Bryan, P.A., Fort Lauderdale, Fla., for defendant.

## ORDER ON MOTION TO DISMISS

PAINE, District Judge.

This matter comes before the court on the Defendant's Motion to Dismiss, Without Prejudice, for Lack of Subject Matter Jurisdiction, or, in the Alternative for Stay of Action and All Associated Proceedings (DE 5). Having reviewed the record and relevant authorities, the court enters the following order.

### Who Killed Southeast Bank?

In August of 1991, the Plaintiff, Rogelio Solano ("Solano"), commenced this proceeding in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida against Southeast Bank, N.A. ("Southeast"). According to Solano, he had financed the purchase of a 1984 Chevrolet van through Southeast and, after making the final payment on the vehicle, the financial institution failed to give him clear title. Shortly thereafter, on September 19, 1991, Southeast was declared insolvent and the Federal Deposit Insurance Corporation ("FDIC") was appointed its Receiver. On October 18, 1992, the FDIC, pursuant to 12 U.S.C. § 1819(b)(2)(B),[1] removed the case to federal district court.

### Twin Peeks

Upon pre-Answer Motions, such as a Motion to Dismiss for Failure to State a Claim or a Motion for More Definite Statement, the court must look at two distinct issues: (1) whether the Plaintiff has stated his or her purported claim with sufficient detail; and (2) whether the claim as stated is recognized by the law.

As to the first issue, that is, factual detail, the Federal Rules of Civil Procedure are very liberal. Rule 8(a) provides that the Complaint need only contain "a short and plain statement of the claim...." "All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Foods & Commercial Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir.1989) (collecting cases). The parties may, through discovery, inquire further into the details underlying the claim. *Bazal v. Belford Trucking Co., Inc.*, 442 F.Supp. 1089, 1102 (S.D.Fla.1977); *see generally* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).

As to the viability of a cause of action, the court must first accept all of the Plaintiff's allegations as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Thomas v. Burlington Industries, Inc.*, 769 F.Supp. 368, 370 (S.D.Fla.1991). Consideration of matters beyond the four corners of the Complaint is improper. *Milburn v. United States*, 734 F.2d 762 (11th Cir.1984); *Thomas*, 769 F.Supp. at 370. A Motion to Dismiss should not be granted unless the Plaintiff can prove no set of facts in support of his claim entitling him to relief, *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), and the claims do not support the legal theories on which he relies. Consequently, the court must determine if the Complaint's allegations form a basis for relief on any possible theory. *See Robertson v. Johnston*, 376 F.2d 43 (5th Cir.1967).[2]

---

**1.** 12 U.S.C. § 1819(b)(2)(B) provides:

Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90–day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

**2.** The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions

## FIRREA Walk With Me

To restore public confidence in the savings and loan industry and to reorganize the insolvent Federal Savings and Loan Insurance Corporation ("FSLIC"), Congress enacted the most sweeping thrift reform law in the nation's history, the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(d). In furtherance of these goals, FIRREA established a comprehensive procedure for adjudicating claims asserted against a failed depository institution.

The process is commenced when the FDIC, as receiver of an insolvent thrift, publishes notice to the institution's creditors, informing them that they have ninety days from publication to present their claim against the failed institution's assets. 12 U.S.C. § 1821(d)(3). Once a claim has been presented, the FDIC has 180 days within which to consider the demand and notify the claimant of whether the claim has been allowed or denied. 12 U.S.C. § 1821(d)(5). Following notification, or in any event, when the 180 day period for the determination of the claim has expired, the creditor, within 60 days, may either (1) request an administrative review of the matter; or (2) file suit in the federal district court where the failed institution's principal place of business is located. 12 U.S.C. § 1821(d)(6).

### Entering the Black Lodge

This is the only path that a claimant can use to enter into federal court, *United States v. Altman*, 762 F.Supp. 139 (S.D.Miss.1991), as FIRREA expressly limits the ability to circumvent the above administrative claims procedure and provides for a strict limitation of judicial review:

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corpo-

ration may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D).

■ Thus, FIRREA divests Article III courts of subject matter jurisdiction over claims against a failed thrift until the claimant has exhausted administrative remedies. *Circle Industries, Division of Nastasi–White, Inc. v. City Federal Savings Bank*, 749 F.Supp. 447 (E.D.N.Y.1990), *aff'd per curiam*, 931 F.2d 7 (2d Cir.1991); *Adoue v. Federal Deposit Ins. Corp.*, 779 F.Supp. 852, 853 (N.D.Tex.1991).

■ There is an exception, however, when a claimant commences suit against a thrift *before* the institution becomes insolvent and is placed in receivership. Under these facts, the federal court's jurisdiction is not divested, *Praxis Properties v. Colonial Sav. Bank*, 947 F.2d 49, 63 n. 14 (3d Cir.1991), and the action is stayed, rather than dismissed, pending administrative proceedings. *Orchard Hills Co–Op. Apts. v. Resolution Trust Corp.*, 779 F.Supp. 104, 107 n. 2 (C.D.Ill.1991); *In re FDIC*, 762 F.Supp. 1002, 1004–05 (D.Mass.1991); *Rexam Ltd. v. Resolution Trust Corp.*, 754 F.Supp. 245, 246 (D.P.R.1990). The Plaintiff may continue his action after the exhaustion of FIRREA's administrative remedies. "The filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver." 12 U.S.C. § 1821(d)(5)(F)(ii).

Such is the case here. The Plaintiff could not have filed an administrative claim, *before* commencing suit, because Southeast was not insolvent and the FDIC was not appointed. It is, therefore, appropriate to stay this action, allowing Solano, if he chooses, to resume litigation after completing the administrative phase.

In view of all the foregoing, it is hereby ORDERED and ADJUDGED that

(1) the Defendant's Motion to Dismiss, Without Prejudice, for Lack of Subject Matter Jurisdiction, or, in the Alternative

of the former Fifth Circuit rendered prior to October 1, 1981.

for Stay of Action and All Associated Proceedings (DE 5) is GRANTED IN PART, DENIED IN PART.[3] This action is stayed pending administrative proceedings.

(2) the Plaintiff shall have thirty (30) days from this Order in which to notify the court of his intention to exhaust administrative remedies. In the event SOLANO fails to do so, this matter shall be automatically dismissed and the clerk of court shall close this file.

(3) the court has been notified that, as of January 31, 1992, his former counsel has been discharged. Consequently, Solano shall have thirty (30) days from this date in which to notify the court of substitute counsel or his intent to appear pro se. In the event he fails to do so, this matter shall be automatically dismissed and the clerk of court shall close this file.

DONE and ORDERED.

---

**3.** It should be noted that the Plaintiff has failed to oppose, let alone respond, to the Defendant's Motion. Pursuant to Rule 10 C of the General Rules of the Southern District of Florida, this is sufficient grounds to grant the FDIC's Motion by default.