Jose Daniel Ruiz CORONADO, Plaintiff,

v.

**BANKATLANTIC BANCORP, INC., Defendant.**

No. 96–7115–CIV.

United States District Court
S.D. Florida.

Jan. 22, 1997.

Montgomery Blair Sibley, Miami, FL, for Plaintiff.

Vicki L. Monroe, Eugene E. Stearns, and Kevin B. Love, Miami, FL, for Defendant.

**ORDER**

GONZALEZ, District Judge.

**THIS CAUSE** has come before the Court for review pursuant to the defendant's motion to dismiss, filed November 15, 1996.

When considering a motion to dismiss, a court must first accept all of the plaintiff's allegations as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974); *Thomas v. Burlington Industries, Inc.*, 769 F.Supp. 368, 370 (S.D.Fla.1991). A court should not grant a motion to dismiss unless the plaintiff can prove no set of facts in support of his claim entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

The Plaintiff alleges that BankAtlantic disclosed to the Federal Government suspected violations of law and related documentation. The Plaintiff contends that BankAtlantic's actions violate the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510–2522 & 2701–2711 (counts I–IV), the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401–3422 (Count V) and Federal Reserve Board Regulation J and Article 4–A of Florida's UCC (Count VI). Defendant moves to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and argues that its actions are protected under the immunity provided by the Annunzio–Wylie Anti–Money Laundering Act, 31 U.S.C. § 5318. The Court agrees.

The Annunzio–Wylie Anti–Money Laundering Act covers Plaintiff's electronic fund transfers and the content of the transfers held in electronic storage. *Lopez v. First Union National Bank*, 931 F.Supp. 860, 863–64 (S.D.Fla.1996). Section 5318(g) of the Act provides a blanket immunity from civil liability under any federal or state law to financial institutions, such as BankAtlantic, that disclose suspicious activities and supporting financial information. *Id.* at 864–65. The Court finds that BankAtlantic made the alleged transactions and disclosures pursuant to the language and intent of Section 5318(g). *See Lopez*, at 864–65.

The Court finds that Defendant BankAtlantic has blanket immunity from its disclosures of Plaintiff Coronado's account activity. *See* 31 U.S.C. § 5318(g)(2) and (3); *Lopez*, at 864–65.

Having reviewed the motion, the record in this matter, and being otherwise duly advised, it is hereby:

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, filed November 15, 1996, is **GRANTED.** Plaintiff's entire Complaint is hereby **DISMISSED WITH PREJUDICE.**