**Scott WEINBERGER, Plaintiff,**

v.

**Nick NAVARRO, in his official capacity as former Sheriff of Broward County, and Ron Cochran, in his official capacity as Sheriff of Broward County, Defendant.**

**No. 94–6561–CIV.**

United States District Court, S.D. Florida.

March 14, 1997.

---

Kenneth D. Cooper, Fort Lauderdale, FL, for Plaintiff.

Carmen Rodriguez, Whitelock Soloff & Rodriguez, P.A., Fort Lauderdale, FL, for Defendant.

### ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss the Second Amended Complaint (D.E.41).

## I. Factual Background [1]

Plaintiff Scott Weinberger was employed as a Deputy Sheriff of Broward County, Florida.[2] In addition to his law enforcement activities, plaintiff purportedly had an ongoing business and personal relationship with Mohammad Ali. During the course of this relationship, Weinberger had arranged for several appearances by Mr. Ali in Broward County. In 1992, then-Sheriff Nick Navarro ran for re-election. Navarro asked Weinberger to arrange for Mr. Ali to participate in a fund-raiser for Navarro's re-election campaign. Weinberger refused, stating that Mr. Ali would participate in events for children or charity, but not in political events. Navarro allegedly contacted Weinberger shortly thereafter to inform him that Navarro had arranged for the event to be a charitable fund-raiser. According to Weinberger, however, all funds raised. at the event would be diverted and directed to Navarro's re-election campaign. Weinberger again refused to contact Mr. Ali. As a result of this refusal, Navarro purportedly engaged in a course of conduct intended to result in Weinberger's termination. This included alleged utilization of illegal tape recordings, coercion of testimony, and threatening Weinberger with arrest. Weinberger claims that he resigned his position as deputy sheriff because of this conduct.

## II. Legal Standards

When considering a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See S.E.C. v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.), *cert. denied sub nom Peat Marwick Main & Co. v. Tew*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). The court should not grant a motion to dismiss "unless it appears beyond doubt that the

---

1. The contents of this background are drawn from the allegations of the second amended complaint, since, for the purpose of a motion to dismiss, the complaint is construed in the light most favorable to the Plaintiff, and all facts alleged by the plaintiff are accepted as true. *Gersten v. Rundle*, 833 F.Supp. 906, 910 (S.D.Fla. 1993), *aff'd without opin.*, 56 F.3d 1389 (11th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 924, 133 L.Ed.2d 853 (1996).

2. Defendant Nick Navarro is a former Sheriff of Broward County. Defendant Ron Cochran is the current Sheriff of Broward County. Cochran is substituted as defendant per Fed.R.Civ.P. 25(d).

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (citations omitted). "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence ..., its task is necessarily a limited one. The issue is not whether the claimant will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Consideration of matters beyond the four corners of the complaint is improper. *Milburn v. United States,* 734 F.2d 762 (11th Cir.1984); *Thomas v. Burlington Industries, Inc.,* 769 F.Supp. 368, 370 (S.D.Fla.1991).

III. Discussion

Plaintiff alleges that defendant forced him to resign from his position as deputy sheriff, violating his rights of free speech and of free association under the First Amendment to the United States Constitution.[3]

A. Free Speech

To prevail because of a dismissal in retaliation for the exercise of free speech, the plaintiff must establish that (1) the expression addressed a matter of public concern; (2) the employee's first amendment interests outweigh the interests of the employer in preserving the efficiency of government services; and (3) the employee's conduct was a substantial or motivating factor in the government's discharge decision. *Martinez v. City of Opa–Locka, Fla.,* 971 F.2d 708, 712 (11th Cir.1992). Once the plaintiff has made this showing, the burden shifts to the defendants to prove by a preponderance of the evidence that it would have reached the same decision to terminate the plaintiff's employment even absent the protected conduct. *Martinez,* 971 F.2d at 712 (citations omitted).

To be protected, the speech must be on a matter of public concern and the employee's interest in expressing himself on that matter must not be outweighed by any injury the speech could cause to " 'the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.' " *Waters v. Churchill,* 511 U.S. 661, 668, 114 S.Ct. 1878, 1884, 128 L.Ed.2d 686 (1994) (citing *Connick v. Myers,* 461 U.S. 138, 142, 103 S.Ct. 1684, 1687, 75 L.Ed.2d 708 (1983) (quoting *Pickering v. Board of Ed. of Township High School Dist.,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968))). Whether the plaintiff's speech addressed a matter of public concern depends upon the content, form and context of the statement considered in light of the entire record. *Rankin v. McPherson,* 483 U.S. 378, 384, 107 S.Ct. 2891, 2896–97, 97 L.Ed.2d 315 (1987).

■ Defendants point out, correctly, that plaintiff has alleged no such protected speech in his second amended complaint. In opposition to defendant's motion to dismiss, plaintiff asserts that his use of quotations around the word "fund-raiser" indicates a protected conversation (Pl. Mem. ¶ 3A). Plaintiff further argues that his speech related to Navarro's re-election, which was a matter of public concern and therefore merits constitutional protection. Navarro's re-election may have been a matter of public concern, but a conversation between a sheriff and his deputy about a celebrity's possible attendance at a fund-raiser does not rise to the level of protected First Amendment speech. The lack of such protected speech is fatal to plaintiff's First Amendment free speech claim. Plaintiff has, therefore, failed to plead facts sufficient to support a prima facie case for a constitutional violation of his right to free speech.[4]

3. Because this Court disposes of the second amended complaint on the substantive First Amendment claims, this Court need not address defendant's claim that the suit is barred because of plaintiff's position as a deputy sheriff. This Court declines defendant's invitation to dismiss the second amended complaint because it was filed four days late.

4. Plaintiff has not alleged a violation of the First Amendment based upon "raw political patronage." *Terry v. Cook,* 866 F.2d 373, 375 (11th Cir.1989). In such cases, public employment is conditioned upon "political allegiance and not upon the content of expressions of political belief." *Id.* at 377. In this case, plaintiff has alleged no requirement of political allegiance.

### B. Freedom of Association

In *McCabe v. Sharrett*, 12 F.3d 1558 (11th Cir.1994), the Eleventh Circuit set forth the analysis a court must use in determining whether an adverse employment action infringes on a public employee's freedom of association:

In order for a public employee to establish that an employer conditioned his or her job in a way that burdened impermissibly a constitutional right, the employee must first demonstrate that the asserted right is protected by the Constitution and that he or she suffered 'adverse employment action' for exercising that right. Upon making these two showings, the employee is entitled to prevail if the adverse employment action was taken in such a way as to infringe the constitutionally protected right.

*Id.* at 1562 (citations omitted). Plaintiff must first demonstrate that his asserted right is entitled to constitutional protection. Plaintiff has alleged that defendant impermissibly burdened his right to associate with Mohammad Ali. The U.S. Constitution affords special protection to two different forms of association, "intimate association" and "expressive association." *Id.* at 1562–63 (citations omitted). "Intimate association" encompasses the "personal relationships that attend the creation and sustenance of a family." *Id.* at 1563; *see Cummings v. DeKalb County*, 24 F.3d 1349, 1354 (11th Cir.1994) (setting forth criteria necessary to extend right of intimate association to other than familial relationships), *cert. denied*, 513 U.S. 1111, 115 S.Ct. 901, 130 L.Ed.2d 785 (1995). "The right of expressive association—the freedom to associate for the purpose of engaging in activities protected by the First Amendment, such as speech, assembly, petition for the redress of grievances, and the exercise of religion—is protected by the First Amendment as a necessary corollary of the rights that the amendment protects by its terms." *McCabe*, 12 F.3d at 1563 (citations omitted).

In his second amended complaint, plaintiff alleges that he was forced to resign from his position as deputy sheriff because of his relationship with Mohammad Ali. Plaintiff has failed to allege the existence of an association with Mr. Ali that is entitled to constitutional protection. Plaintiff has not set forth allegations sufficient to support an assertion that he has a right of intimate association with Mr. Ali. *Cummings v. DeKalb Co.*, 24 F.3d at 1354; *White v. Fl. Hwy. Patrol, Div. of Fl. Dept. of Hwy.*, 928 F.Supp. 1153, 1158 (M.D.Fla.1996).

Moreover, plaintiff alleges no group activity to pursue goals independently protected by the first amendment. *McCabe*, 12 F.3d at 1563; *Susanno v. Lee Co. Bd. of County Com'rs*, 852 F.Supp. 980, 984 (M.D.Fla.1994) (finding that no right to expressive association violated where plaintiff failed to produce any evidence that she, alone or jointly, engaged in activity independently protected by the First Amendment), *aff'd without opin.*, 48 F.3d 536 (11th Cir.1995); *see infra* discussion at III.A. THE COURT has considered the Motion, responses and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss the Second Amended Complaint is granted. This Case is CLOSED. All pending motions not otherwise ruled upon are DENIED AS MOOT.