**Vernice BROWN, Plaintiff,**

v.

**The CITY OF POMPANO BEACH, a Florida municipal corporation, Stanley Tipton and Worker's Compensation Medical Centers, a Florida corporation, Defendant.**

No. 96–7208–CIV.

United States District Court,
S.D. Florida.

June 23, 1997.

Karen E. Black–Barron, Ft. Lauderdale, FL, for Vernice Brown.

William J. Bosch, Gordon B. Linn, Pompano Beach, FL, for City of Pompano Beach and Stanley Tipton.

Gene Reibman, Howard L. Greitzer, Lyons and Sanders Chartered, Ft. Lauderdale, FL, for Worker's Compensation Medical Centers.

**ORDER**

GONZALEZ, District Judge.

This Cause has come before the Court upon Defendant City of Pompano Beach's Motion to Dismiss, filed November 15, 1996, and upon Defendant Stanley Tipton's Motion to Dismiss, also filed November 15, 1996.

Plaintiff Vernice Brown (Brown) was employed as a police officer for the Defendant City of Pompano Beach (City) from 1980 to 1992. Pursuant to the terms of a collective bargaining agreement between the City and the Police Benevolent Association of Broward County, Inc., all police officers were required to undergo random drug testing. Brown was randomly tested on September 24, 1992, and the results of this test were positive for drug use. As a result, Brown was terminated from his position as a police officer on October 7, 1992.

Over a year later (on December 9, 1993), Brown discovered that, as alleged in the Complaint, "the integrity and accuracy of the drug screening test had been compromised." Alleging that the use of the drug screening results to terminate his employment constituted a violation of his rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, Brown brought the instant action. He further alleges that the City refused to submit his claim of wrongful discharge to arbitration, also in contravention of his rights under the Fourteenth Amendment and 42 U.S.C. § 1983.

The statute of limitations that applies in an action brought under 42 U.S.C. § 1983 is that which applies to personal injuries in the state in which the action arose. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, the statute of limitations

for a personal injury action is four years. Fla. Stat. § 95.11(3).

In determining at which point in time the statute of limitations began to run, the Court must consider the chronology of events in relation to Brown's knowledge that his rights had been violated. "A limitations period does not start to run until the facts which would support a charge ... are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Sturniolo v. Sheaffer, Eaton, Inc.*, 15 F.3d 1023, 1025 (11th Cir.1994), *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 931 (5th Cir.1975).

Brown argues that he did not become aware that the integrity of the drug test had been compromised until over a year after his discharge, and therefore the statute of limitations did not begin to run until that point in time.

The Court is unpersuaded by this argument. If Brown was not using any illegal drugs at the time that he was tested, then he should have known immediately upon receipt of the positive results that something was wrong with the test. In such a situation, "a person with a reasonably prudent regard for his rights" (*Sturniolo, supra*) would realize that the result was incorrect and that his rights might have been violated.

The facts that Brown received definitive proof of the error on December 9, 1993, and that the Fourth District Court of Appeals found that the Criminal Justice Standards and Training Commission failed to establish that Brown possessed cocaine do not alter this result. "[I]t is not necessary for a claimant to know all of the evidence ... to begin the [statute of limitations] period." *Blumberg v. HCA Management Co., Inc.*, 848 F.2d 642, 645 (5th Cir.1988). In the instant action, although Brown might not have known the specific evidence until December 9, 1993, if he was not using cocaine then he still should have known that the test was wrong when he received the positive result and was terminated on October 7, 1992.

Because Brown did not file the instant action until October 22, 1996, he did not file it within the time period set forth by the stat-ute of limitations. Therefore, his claims that the City's use of drug screening test results to terminate his employment were not timely filed and must be dismissed.

Plaintiff also alleges that the City refused to properly submit his claim to arbitration. This claim is not barred by the statute of limitations because the time periods set forth in the grievance procedure bring the time at which Brown would have realized that the City was refusing to arbitrate to a date much later than October 22, 1992, which would be the earliest that he could have made this discovery and still fit within the statute of limitations. Therefore, Plaintiff's claim that the City refused to properly submit his claim to arbitration must be considered under the Rule 12(b)(6) standard, rather than the Rule 12(b)(1) standard utilized in the discussion above.

When considering a motion to dismiss under Rule 12(b)(6), a court must first accept all of the plaintiff's allegations as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Thomas v. Burlington Industries, Inc.*, 769 F.Supp. 368, 370 (S.D.Fla.1991). Consideration of matters beyond the four corners of the Complaint is improper. *Milburn v. United States*, 734 F.2d 762 (11th Cir.1984); *Thomas*, 769 F.Supp. at 370. A court should not grant a motion to dismiss unless the plaintiff can prove no set of facts in support of his claim entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Taking all of Brown's allegations regarding the City's failure to submit his claims to arbitration to be true, the Court finds that the Complaint is sufficient to withstand the City's Motion to Dismiss.

Defendant Tipton asserts that he is entitled to qualified immunity in the action against him in his capacity as an individual. While it is true that qualified immunity is an affirmative defense available to a public official sued in an individual capacity, this immunity does not necessarily support a motion to dismiss in the instant action. *See Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "[G]overnment officials performing discretionary functions generally

1319

are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.*

As noted above, in considering this aspect of Tipton's Motion to Dismiss the Court must accept Brown's claims as true. The allegation in Plaintiff's Complaint is precisely that the conduct of Defendant Tipton "violated clearly established statutory or constitutional rights, of which a reasonable person would have known." Plaintiff's Complaint at ¶ 26. Accepting Plaintiff's allegations as true, this Court finds that Plaintiff's Complaint, as it relates to Defendant Tipton's role in the refusal to submit Brown's claim to arbitration, is sufficient to withstand Tipton's Motion to Dismiss on the basis of qualified immunity.

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby **ORDERED** and **ADJUDGED** that the City of Pompano Beach's Motion to Dismiss, filed November 15, 1996, is **GRANTED IN PART** and **DENIED IN PART,** as follows:

1. The City's Motion is **GRANTED** as to Plaintiff's claims in Count I pertaining to the use of the drug screening test results to terminate Plaintiff from his position as a police officer, and all such claims are hereby **DISMISSED.** The City's Motion is further **GRANTED** as to Counts II and III, as Plaintiff has requested no relief from Defendant City in either Count;

2. The City's Motion is **DENIED** as to Plaintiff's claims in Count I that the City failed to properly submit his claims to arbitration.

It is further **ORDERED AND ADJUDGED** that Defendant Tipton's Motion to Dismiss, filed November 15, 1996, is **GRANTED IN PART** and **DENIED IN PART,** as follows:

1. Tipton's Motion is **GRANTED** as to Plaintiff's claims in Count I pertaining to the use of the drug screening results to terminate Plaintiff from his position as a police officer, and all such claims are hereby **DISMISSED.** Tipton's Motion is further **GRANTED** as to Counts II and III, as Plaintiff has requested no relief from Defendant Tipton in either Count;

2. Defendant Tipton's Motion is **DENIED** as to Plaintiff's claims in Count I as to Tipton's role in the failure to properly submit Brown's claims to arbitration.