**William R. MILBURN and Richard V. Thompson, Plaintiffs-Appellants,**

v.

**The UNITED STATES of America, Defendant-Appellee.**

No. 83–5248.

United States Court of Appeals, Eleventh Circuit.

June 18, 1984.

Irving Weinsoff, Miami, Fla., for plaintiffs-appellants.

Stanley Marcus, U.S. Atty., Robert A. Rosenberg, Linda Collins Hertz, Asst. U.S. Attys., and Susan M. Chalker, Sp. Asst. U.S. Atty., Miami, Fla., for defendant-appellee.

Before FAY and ANDERSON, Circuit Judges, and MARKEY,* Chief Judge of the Federal Circuit.

MARKEY, Chief Judge:

Milburn and Thompson appeal the March 22, 1983 order of the District Court dismissing with prejudice their complaint against the United States. We vacate and remand.

### Background

Milburn and Thompson jointly owned an aircraft. They rented it to a pilot, who flew it to the Turks and Caicos Islands, British West Indies (Islands). On May 6, 1981, the Islands' government seized the aircraft because it had been used to transport narcotics in violation of the Islands' laws. The aircraft was forfeited.

* Honorable Howard T. Markey, Chief Judge, U.S. Court of Appeals for the Federal Circuit, sitting by designation.

When the aircraft was seen in July of 1981 at Executive Airport in Fort Lauderdale, Florida, the U.S. government, aware of the Islands' claim, seized it. The Federal Bureau of Investigation informed Milburn and Thompson of the seizure, but the U.S. government returned the aircraft to the Islands without a hearing.

Milburn and Thompson filed their complaint in the District Court on August 4, 1982. The complaint recited that Milburn and Thompson owned the aircraft, that the U.S. government had seized it, and that it was then possessed by the Islands' government. No mention was made of the forfeiture. Count I set forth a claim under the Federal Torts Claim Act, 28 U.S.C. § 2671 *et seq.*, for negligently destroying rights in the aircraft. Count II set forth a claim under the Tucker Act, 28 U.S.C. § 1346(a)(2), for an unlawful taking.

On December 30, 1982, the government filed a "Motion To Dismiss Or In The Alternative Motion For Summary Judgment", under Fed.R.Civ.P. 12(b)(6) and 56, respectively. A legal memorandum, affidavits with attachments, and a "Concise Statement Of Material Facts" accompanied the motion.

The legal memorandum asserts a statutory exemption from suit, lack of jurisdiction under the Tort Claims Act because there is no tort under Florida law, and lack of jurisdiction under the Tucker Act because return of the aircraft to the Islands was a valid exercise of police power, not a taking. One affidavit stated that the Single Convention on Narcotic Drugs, 1961, is in force in the U.S. and was accompanied by a copy of the Convention and a list of treaties in force. Another affidavit stated that the U.S. is a party to the March 25, 1972 amendment to the 1961 Single Convention, and was accompanied by a copy of the Amendment and the Protocol. A third affidavit discussed the facts and effect of the forfeiture, and was accompanied by copies of the forfeiture order, an authorization certifying Berkeley Barron to receive the aircraft on behalf of the Islands' government, and a copy of the applicable Islands'

laws. The U.S. mailed copies of all those documents to Milburn and Thompson on December 30, 1982.

On January 24, 1983, Milburn and Thompson sought an enlargement of time until February 28, 1983, to respond to the government's motion. The record discloses that that motion for enlargement was returned to counsel for Milburn and Thompson.

On February 18, 1983, the government had requested that the court take judicial notice of the foreign government status of the Islands, its relationship with the United Kingdom, and application of the 1961 Single Convention and the 1972 Protocol. A statement of the Attorney General of the Islands was attached to the request. The record does not disclose whether that request was granted.

Milburn and Thompson filed a 16-page response to the government's original motion on March 4, 1983. On March 9, 1983, recognizing that their March 4 response was late (apparently on the assumption that the motion for enlargement until February 28 had been granted), Milburn and Thompson requested an additional five days to file that response. The record does not disclose the disposition of that request.

On March 16, 1983, the government requested enlargement of time to file a reply. On March 21, 1983, Milburn and Thompson filed opposition to that request. On March 22, 1983, the court issued the appealed order granting the government's motion to dismiss. No Memorandum Opinion, or other statement of reasons underlying the order, is of record.

### Issue

Whether the district court erred in granting the motion to dismiss.

### OPINION

(1) *Nature of the Order Appealed From*

 Failure to state a claim upon which relief can be granted is a defense raiseable by motion to dismiss, Fed.R.

Civ.P. 12(b)(6), focusing on sufficiency of the complaint. Under the established test, a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Applying that test, we must hold that the naked complaint itself, setting forth ownership, seizure by the U.S. government, and possession by a foreign government, states a claim upon which relief might be granted. The complaint was not therefore subject to dismissal. If the district court's action be taken at face value, i.e. as the grant of a motion to dismiss, its order would therefore have to be vacated.

 It is apparent that the district court necessarily looked beyond the complaint to acknowledge the forfeiture under the laws of a foreign government and its effect in light of applicable treaties. Indeed, the order stated "The Court has considered the record". Consideration of matters beyond the complaint is improper in the context of a motion to dismiss but proper in the context of a motion for summary judgment. Rule 12(b) Fed.R.Civ.P. It has been held that the court converts a motion to dismiss into a motion for summary judgment by considering matters beyond the complaint. *Hickey v. Arkla Ind. Inc.,* 615 F.2d 239 (5th Cir.1980).[1] *Hill v. Linahan,* 697 F.2d 1032, 1034 (11th Cir. 1983). In the present case, the government's alternative motion for summary judgment provided a ready vehicle for such conversion and appears to have influenced what was ostensibly a grant of the motion to dismiss.

 We conclude, notwithstanding the order's statement that the "Motion to Dismiss be, and the same is hereby GRANTED[, t]his cause is hereby DISMISSED with prejudice", that the order appealed from was in fact a grant of the govern-

ment's motion for summary judgment and that this court is therefore required on review to apply the standards applicable to grants of summary judgment. *See Schlang v. Heard,* 691 F.2d 796, 797–98 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 2419, 77 L.Ed.2d 1310 (1983).

### (2) *Procedure*

Among the standards applicable to motions for summary judgment is that of Rule 56(c), Fed.R.Civ.P., which provides in part that "[t]he motion shall be served at least 10 days before the time fixed for the hearing."

 It is well settled in this circuit that Rule 56(c) does not require an oral hearing. "Rather, 10-day advance notice to the adverse party that the motion and all materials in support of or in opposition to the motion will be taken under advisement by the trial court *as of a certain day* satisfies the notice and hearing dictates of Rule 56." *Moore v. Florida,* 703 F.2d 516, 519 (11th Cir.1983) (emphasis added), citing *Barker v. Norman,* 651 F.2d 1107, 1119 (5th Cir.1981); *Capital Films Corp. v. Charles Fries Productions,* 628 F.2d 387, 391–92 (5th Cir.1980); *Kibort v. Hampton,* 538 F.2d 90, 91 (5th Cir.1976). This circuit strictly enforces the 10-day notice requirement for all litigants. *Moore, supra,* at 520; *Herron v. Beck,* 693 F.2d 125, 126 (11th Cir.1982).

The record in this case nowhere indicates that Milburn and Thompson were given a 10-day notice, or any notice, that the court would take the government's motion under advisement as of a certain date. Milburn and Thompson filed a response to the government's motion, but the record does not indicate whether the district court considered that response as part of the "record" or whether it treated it as not timely filed and disregarded it. Until the day before summary judgment was effectively granted, Milburn and Thompson

---

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981 were adopted as precedents binding upon this court unless and until overruled by the Eleventh Circuit sitting *en banc.*

were opposing the government's request for enlargement of time to reply to that response.

As above indicated, this court has established a "bright-line" test requiring 10-day advance notice that the court will take a motion for summary judgment under advisement as of a certain date. That requirement guarantees that the nonmoving party will have an opportunity to marshal its resources and focus its attention on rebutting the motion for summary judgment with every factual and legal argument available. *Georgia Southern and Florida Railroad Co. v. Atlantic Coast Line Railroad Co.*, 373 F.2d 493, 498 (5th Cir.), *cert. denied*, 389 U.S. 851, 88 S.Ct. 69, 19 L.Ed.2d 120 (1967).

Earlier cases enforcing the 10-day notice requirement involved fact patterns differing from that before us. In some, no motion for summary judgment had been filed. *Hickey v. Arkla Industries, Inc., supra*. In others, no opportunity for response to a motion for summary judgment had been provided. *See, e.g., Hanson v. Polk County Land, Inc.*, 608 F.2d 129 (5th Cir.1979) (oral motion granted on day it was made). In still others, the litigants were *pro se. See, e.g., Moore, supra*. In the present case, Milburn and Thompson did respond to the motion for summary judgment and were represented by counsel. The elements of surprise and unfairness would thus appear to be absent. On the state of the present record, however, the district court having supplied no expression of reasons for its action, it cannot be said that Milburn and Thompson's response had been considered before the district court acted to grant what it called the "Motion to Dismiss". Moreover, that consideration of a motion for summary judgment, along with the response and supporting documents, has been deemed an adequate substitute for the "hearing" envisaged in Rule 56(c), *Moore*, supra, forms no basis in itself for also treating such consideration as a substi-

tute for the 10-day notice requirement when, as here, the district court labeled its action a dismissal and gave no reasons in support of a presumed action on the summary judgment motion.

In a supplemental brief filed after hearing, the government cites Local Rule 10 J[2], *Kilbort v. Hampton, supra,* and *Howell v. Tanner*, 650 F.2d 610 (5th Cir.1981) *cert. denied*, 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178, for the proposition that Milburn and Thompson, having had an opportunity to submit materials in opposition, should be considered as having received "constructive notice" under Rule 56. The proposition cannot be here sustained, given the uncertainty on the record respecting the precise nature of and reasons for the district court's action. In this regard, we note without comment on their effect assertions in Milburn and Thompson's response to the government's supplemental brief that the government's affidavits pertained to legal issues, not fact, and that a material fact issue respecting FBI participation is set forth in the record.

Reluctant as we are to add to the work of an already overburdened court, and expressing no opinion on the merits of the effective grant of summary judgment, we must require adherence to the procedural requirement for 10-day notice. Upon such notice, the district court is of course at liberty to grant or deny the government's motion for summary judgment on the present record if it so elects. In that event, a memorandum reflecting the reasons for the grant or denial would facilitate review.

### Conclusion

◼ The district court erred in not giving Milburn and Thompson 10-day advance notice that it would take the government's motion under advisement as of a certain

---

**2.** Local Rule 10 J provides in pertinent part: J. Motions For Summary Judgment 1. Motions for summary judgment pursuant to Rule 56, *Fed.R.Civ.P.*, shall be in accordance with this rule except that the party opposing the motion shall have ten days after service of the motion in which to serve opposing papers.

date. We therefore vacate the order and remand the case for further proceedings.

VACATED and REMANDED.