Carlos MAX, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 85–2828–Civ.

United States District Court,
S.D. Florida, N.D.

Dec. 29, 1986.

Sidney A. Soltz, Miami, Fla., for plaintiff.

Paul Pelletier, Tax Div., Dept. of Justice, Washington, D.C., Marilynn G. Koonce, Miami, Fla., for defendant.

## FINAL SUMMARY JUDGMENT

ZLOCH, District Judge.

THIS MATTER is before the Court upon the Plaintiff's Motion For Summary Judgment (DE 13), and the Defendant's Motion For Summary Judgment (DE 16). The parties were allowed the opportunity to file affidavits, depositions or portions thereof, or other documents within the purview of Rule 56 of the Federal Rules of Civil Procedure in support of or in opposition to the Motions aforementioned up until November 24, 1986, having been notified by Order of this Court (DE 20) dated November 5, 1986, that this Court would take the Motions aforementioned under advisement at that time. See *Milburn v. United States*, 734 F.2d 762 (11th Cir.1984).

This is an action brought under the Internal Revenue laws of the United States for a refund or credit of monies. The Internal Revenue Service seized funds from the Plaintiff in the amount of $44,020.00 on April 2, 1981. The funds had not been reported to the United States Customs Service authorities as required by 31 U.S.C. Section 1101 and were turned over to the United States Customs Service by the Internal Revenue Service. The Plaintiff was indebted to the United States for federal income taxes for the year 1973 at the time of the seizure. The Plaintiff seeks to have the Court order the Defendant to apply the amount of $44,020.00 to his tax liabilities or to refund that amount to the Plaintiff.

The Defendant has submitted certified copies of a Final Judgment of Forfeiture

and a Memorandum Order in the case of *United States v. Forty-Four Thousand Twenty Dollars,* Case No. 82–392–Civ–JWK, in the United States District Court for the Southern District of Florida, which involved the same funds seized from the Plaintiff in the instant case. The Final Judgment aforementioned forfeited the very funds involved in this matter to the United States. In response, the Plaintiff refers to an affidavit attached to his own Motion For Summary Judgment (DE 13). In addition, the Plaintiff has advised the Court in his Response (DE 21) that the Plaintiff will rely solely on his Motion For Summary Judgment and the affidavit attached thereto, as well as the Plaintiff's Response To Defendant's Renewal Of Motion To Dismiss Or In The Alternative, For Summary Judgment (DE 18). The Plaintiff's affidavit attached to the Plaintiff's Motion For Summary Judgment is the only evidentiary material presented by the Plaintiff for the Court's consideration. This affidavit is from the Plaintiff's counsel and does not address, or even mention, the documents submitted by the Defendant in support of the Defendant's Motion For Summary Judgment.

The Court has considered and given due deliberation to the entire court file including the Plaintiff's Motion For Summary Judgment (DE 13), the affidavit of Sidney A. Soltz attached to the Plaintiff's Motion For Summary Judgment, the Defendant's Motion To Dismiss (DE 6), the Defendant's Renewal Of Motion To Dismiss Or, In The Alternative, For Summary Judgment (DE 16), the Memorandum Of Law In Support of Renewal Of Motion To Dismiss Or, In The Alternative, For Summary Judgment (DE 17) and all exhibits attached thereto filed by the Defendant, the Plaintiff's Response To Defendant's Renewal Of Motion To Dismiss Or, In the Alternative, For Summary Judgment (DE 18), and the applicable case law. No other documents or depositions have been directed to the Court's attention and, therefore, have not been considered by the Court.

■ The Plaintiff has failed to designate specific facts showing that there is a genuine issue remaining for trial. *Celotex v. Catrett,* 477 U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court further finds that the funds in question have already been condemned as forfeited to the United States of America as set forth in the Final Judgment Of Forfeiture entered by the United States District Court for the Southern District of Florida in Case No. 82–392–Civ–JWK on September 3, 1982.

■ Further, it is obvious that the purpose of the Plaintiff's suit in the instant matter is to force the Internal Revenue Service to foreclose its lien to the detriment of another governmental agency. Under the doctrine of sovereign immunity, the Federal Courts lack jurisdiction to settle such disputes. *Raulerson v. United States,* 786 F.2d 1090 (11th Cir.1986). In addition, *Raulerson* also holds that the Internal Revenue Service's power to levy is discretionary and, therefore, a taxpayer cannot sue to require the United States to foreclose a tax lien upon property to which the taxpayer has no title.

■ In addition, the United States as a sovereign, may not be sued without its consent; the terms of its consent define the Federal Court's jurisdiction. Moreover, any waiver of sovereign immunity must be explicit and will be strictly construed. Since there has been no waiver of sovereign immunity by the United States, this Court lacks jurisdiction to settle this dispute. *Raulerson* at 1091, 1092.

The Court being otherwise fully advised in the premises, and after due consideration, it is

ADJUDGED as follows:

1. The Plaintiff's Motion For Summary Judgment (DE 13) be and the same is hereby DENIED;

2. The Defendant's Motion For Summary Judgment (DE 16) be and the same is hereby GRANTED; and

3. Final Summary Judgment be and the same is hereby entered in favor of the Defendant, United States of America, and

against the Plaintiff, Carlos Max, and the Plaintiff, Carlos Max, shall take nothing by this action and the Defendant, United States of America, shall go hence without day.