**In re Charles David CATO, Debtor.**

**MID AMERICA DISTRIBUTION CENTERS, INC., et al., Plaintiffs,**

**v.**

**Charles David CATO, Defendant.**

**Bankruptcy No. 96–10724–8C7. Adversary No. 97–0366.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 25, 1998.

Dennis J. LeVine, Tampa, FL, Russell W. Savory, Memphis, TN, for Plaintiffs.

Richard M. Greene, Greensboro, NC, for Defendant.

## ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

C. TIMOTHY CORCORAN, Bankruptcy Judge.

This adversary proceeding came on for consideration on the briefs and papers of the parties' cross-motions for summary judgment. The cross-motions were filed pursuant to a summary judgment procedures order entered by the court on October 30, 1997 (Document No. 9), that included the necessary *Milburn*[1] disclosures.

### I.

The plaintiffs brought this adversary proceeding to except from the discharge of the debtor/defendant certain judgment obligations made the subject of a final judgment by the Shelby County, Tennessee, Chancery Court on April 4, 1994, as modified on appeal by the Court of Appeals of Tennessee, Western Section at Jackson, entered on September 6, 1996. The plaintiffs seek to except these judgment obligations from discharge pursuant to Section 523(a)(2) [false pretenses, a false representation, or actual fraud], Section 523(a)(4) [fraud or defalcation while acting in a fiduciary capacity], and Section 523(a)(6) [willful and malicious injury].

In support of the cross-motions for summary judgment, the parties have filed a stipulation regarding the state court record (Document No. 10), including relevant excerpts from the state court record, and their briefs (Documents Nos. 11, 12, 14, 15, 16, 17 and 18).

### II.

The parties have raised various issues in their cross-motions for summary judgment. A determination of those issues of necessity must begin with an examination of the plaintiffs' claims asserted against the debtor/defendant and reduced to judgment in the state court.

---

1. *Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984).

A review of the complaint, Stip. Exhibit 2, reveals that the plaintiffs' complaint sought the removal of the debtor/defendant as a corporate officer and director and sought other injunctive relief for alleged breaches of the debtor/defendant's fiduciary duties owed to the Tennessee corporation, Mid–America Distribution Centers, Inc. Marguerite Piazza Bergtholdt brought the action on her own behalf and on behalf of the shareholders of the corporation.

Although there are duties that Tennessee common law requires a corporate officer and director to perform, the substance of this law appears to have been codified in Tennessee's statutes, in particular at T.C.A. § 48–18–301, 302, and 303. The complaint alleged numerous acts of self-dealing to the benefit of the debtor/defendant and to the detriment of the corporation in violation of these statutes. Accordingly, the complaint sought the removal of the debtor/defendant as a director and officer of the corporation and further sought related injunctive relief.

The state court case was tried before a special master pursuant to the parties' agreement. The special master's report, Stip. Exhibit 7, found in favor of the plaintiffs with regard to certain of the conduct alleged and found insufficient evidence to support other of the allegations.

Based upon the special master's report and its determination of objections and exceptions, the trial court entered a judgment in favor of the plaintiffs. That judgment, Stip. Exhibit 11, held that the debtor/defendant had committed fraud and had breached his fiduciary duties to the corporation. Accordingly, the judgment removed the debtor/defendant as director, enjoined him from destroying or altering the corporation's books and records or wasting the corporation's corporate assets, imposed a constructive trust on his shares of stock in the corporation, and awarded a money judgment. The judgment also provided that the debtor/defendant was liable to the corporation for certain amounts the corporation might be required to pay on a commercial lease and awarded certain punitive damages, attorneys fees, and the special master's fees.

On appeal, the Tennessee appellate court affirmed the trial court's finding that the debtor/defendant had breached his fiduciary duties and committed fraud upon the corporation, affirmed the award of attorneys' fees, and increased the money judgment entered against the debtor/defendant. The appellate court, however, reversed the award to the individual plaintiff other than as to her attorney's fees and costs. As to this, the appellate court reasoned that her claim was a derivative claim on behalf of the corporation and that she could not individually benefit from the judgment.

### III.

The plaintiffs first seek summary judgment on their Section 523(a)(2) claim on the basis of collateral estoppel. They argue the debtor/defendant is collaterally estopped by the state court judgment from relitigating in this court the issues of fraud that have been determined against him in the state court.

■ Collateral estoppel precludes the relitigation of issues already tried and determined by a valid, final judgment of another court. The doctrine applies in discharge exception litigation in the bankruptcy court. *See Grogan v. Garner,* 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991); *HSSM # 7 Limited Partnership v. Bilzerian (In re Bilzerian),* 100 F.3d 886, 892 (11th Cir.1996).

■ In our circuit, the following elements are required to be present before collateral estoppel applies:

(1) The issue in the prior action and the issue in the bankruptcy court are identical;

(2) The bankruptcy issue was actually litigated in the prior action;

(3) The determination of the issue in the prior action was a critical and necessary part of the judgment in that litigation; and

(4) The burden of persuasion in the discharge proceeding must not be significantly heavier than the burden of persuasion in the initial action.

*Id.* The burden of proof in dischargeability proceedings in bankruptcy court is the preponderance of the evidence standard. *Grogan,* at 289–91, 111 S.Ct. at 661.

■ Section 523(a)(2)(A) of the Bankruptcy Code provides that a discharge in bankruptcy shall not discharge an individual from certain kinds of debts, including those for money, property, or services obtained by actual fraud. In this context, a plaintiff must prove fraud by establishing the following elements:

1. the debtor made a false representation with intent to deceive the creditor,

2. the creditor relied on the representation,

3. that his reliance was reasonably founded, and

4. that the creditor sustained a loss as a result of the representation.

*St. Laurent v. Ambrose (In re St. Laurent )*, 991 F.2d 672, 676 (11th Cir.1993). As the Supreme Court later made clear, however, the standard of reliance to be applied in Section 523(a)(2)(A) actions is "justifiable" reliance, not "reasonable" reliance. *Field v. Mans,* 516 U.S. 59, 73–76, 116 S.Ct. 437, 446, 133 L.Ed.2d 351 (1995).

■ The elements of common law fraud " 'closely mirror' the requirements of Section 523(a)(2)(A) and, hence, are sufficiently identical ... to meet the first prong of the test for collateral estoppel." *St. Laurent* at 676.[2] If a common law fraud claim were involved in the state court action, therefore, the plaintiffs would meet the first prong of the test for collateral estoppel.

■ Any fair reading of the state court complaint, the trial court's judgment, and the appellate court's decision, however, reveals that the plaintiffs made no claim of common law fraud in the state court litigation. Although it is true that the trial court and the appellate court used the term "fraud" a few times in their orders, the claims in the state court litigation involved nothing but allegations that the debtor/defendant violated his duties as an officer and director of the corporation under Tennessee law. In addition, the state courts' use of the term "fraud" was always joined with terms such as "breach of fiduciary duty." A close examination of the state court record shows, therefore, that the term "fraud" was nothing but a pejorative word used by the state courts to describe the debtor/defendant's violation of his duties to the corporation. The state courts had no fraud claim before them, and they made no findings of fraud in the common law sense that Section 523(a)(2)(A) contemplates.

The issues before the state courts and this court are not identical. Thus, it is clear that the plaintiffs' motion for summary judgment as to the Section 523(a)(2) claim on a collateral estoppel basis must be denied. The issues must be tried in this court.

## IV.

■ The plaintiffs' next argument on motion for summary judgment involves the Section 523(a)(4) claim. Section 523(a)(4) excepts from the discharge any debt for "fraud or defalcation while acting in a fiduciary capacity ...." Once again, the plaintiffs argue that principles of collateral estoppel preclude the debtor/defendant from relitigating this issue here.

■ It is true that the state court found that the debtor/defendant violated the fiduciary duties imposed by Tennessee law upon officers and directors. Those, however, are not the "fiduciary" duties described in Section 523(a)(4). For purposes of federal law, the plaintiffs must show fiduciary capacity by proving the existence of an express or technical trust; statutorily imposed duties that do not rise to the level of an express or a technical trust are insufficient. *Florida Department of Insurance v. Blackburn (In re Blackburn),* 209 B.R. 4, 9 (Bankr.M.D.Fla. 1997).

Although *Blackburn* was a case that examined Florida law regarding the duties owed to a corporation by its officers and directors, the parties have cited nothing in Tennessee law that would suggest that it is substantially different from Florida law, in general. In particular, the parties have cited nothing in Tennessee law that would establish the required express or technical trust and have not otherwise demonstrated that the corporate assets could be considered under Ten-

2. Although *St. Laurent* involved a claim of fraud under Florida law, the parties have not offered any authorities suggesting that a claim of fraud under Tennessee law is any different.

nessee law the res of an express or technical trust.

■ In these circumstances, it is clear that the court is required to grant the defendant's cross-motion for summary judgment. The record shows that there is no genuine issue as to any material fact regarding the Section 523(a)(4) claim and that the debtor/defendant is entitled to judgment on this claim as a matter of law.

## V.

The plaintiffs next argue that they are entitled to judgment on a collateral estoppel basis on their Section 523(a)(6) claim. Section 523(a)(6) excepts from the discharge a debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

■ The "willful and malicious injury" exception to discharge is limited to intentional torts and does not encompass mere negligent or reckless acts. *Kawaauhau v. Geiger*, — U.S. —, —, 118 S.Ct. 974, 978, — L.Ed.2d —, — (1998).

> The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, *i.e.*, "reckless" or "negligent," to modify "injury." Moreover, as the Eighth Circuit observed, the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the *consequences* of an act," not simply "the act itself." Restatement (Second) of Torts § 8A, comment *a*, p. 15 (1964) (emphasis added).

*Id.* at —, 118 S.Ct. at 977 (emphasis in original).

■ An examination of the state court record fails to reveal any decisions made by the state courts concerning the debtor/defendant's intent as it relates to intending injurious consequences of his acts. The state court record is also void of any findings that, of necessity, would have been predicated on an unstated finding that the debtor/defendant intended the harmful consequences of his acts as distinguished from intending the acts themselves. The record is completely silent on these points.

This key issue for Section 523(a)(6) dischargeability purposes of the debtor/defendant's intent was never litigated in the state court. Accordingly, there can be no collateral estoppel preclusion of the debtor/defendant in this court, and the issues will need to be tried here.

## VI.

The debtor/defendant's motion for summary judgment raises several additional issues that the court has not yet discussed. First, the debtor/defendant urges that the state court litigation has already determined that the individual plaintiff's claims are barred. The state appellate court specifically held:

> Additionally, we hold that the trial court erred in awarding the judgment in favor of plaintiff individually, rather than to the corporation. Any amounts adjudged against appellants shall inure to the benefit of the corporation, with the exception of plaintiff's attorney's fees and costs, which she may recover individually.

Stip. Exhibit 13 at 10.

■ It is clear from the state court's order that the individual plaintiff's claim is limited to her attorney's fees and costs. On this score, the debtor/defendant is entitled to summary judgment on collateral estoppel principles. Accordingly, the court grants the defendant's motion and specifically limits the individual plaintiff's nondischargeability claim to her state court attorney's fees and costs.

■ Next, the debtor/defendant seeks summary judgment on the basis that the allegations contained in the complaint are insufficient to support a finding of non-dischargeability based upon Section 523(a)(2).

This point is without merit. The allegations of Count I of the complaint are plainly sufficient as a matter of federal notice pleading. The parties will be required to present their proof, however, before the court can rule on the merits of the claim.

Finally, the debtor/defendant asserts that the allegations contained in the complaint are insufficient to support a finding of non-dischargeability based upon Section 523(a)(6). Again, this position is without merit. The allegations of Count III of the complaint are plainly sufficient as a matter of federal notice pleading. It will be up to the parties to present their proof at trial.

## VII.

In summary, the court is unable to preclude the debtor/defendant from litigating the plaintiffs' fraud and willful and malicious injury exception to discharge claims. These will need to be tried because the issues were not tried in the state court.

The debtor/defendant is entitled to judgment as a matter of law on the breach of fiduciary duty exception to discharge claim. The plaintiffs' point to nothing to support their claim except general Tennessee law imposing certain duties on officers and directors. This law is insufficient to constitute the express or technical trust required to create the fiduciary capacity called for by Section 523(a)(4).

Finally, the debtor/defendant is also entitled to judgment limiting the individual plaintiff's dischargeability claim to her state court attorney's fees and costs. That matter was fully litigated in the state courts and determined there.

In order to get the triable issues scheduled for trial, the court will separately schedule this adversary proceeding for preliminary pretrial and scheduling conference.