David H. ELGER, Plaintiff,

v.

**MARTIN MEMORIAL HEALTH SYSTEMS, INC., Defendant.**

No. 97–14312–CIV.

United States District Court, S.D. Florida, Fort Pierce Division.

May 7, 1998.

David B. Earle, Wackeen Cornett & Googe, Stuart, FL, for Plaintiff.

George F. Bovie, III, Crary, Buchanan, Bowdish, Bovie, Lord & Roby, Stuart, FL, for Defendant.

## ORDER OF DISMISSAL

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (DE # 3).

UPON CONSIDERATION of the Motion, responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## BACKGROUND

The facts as alleged in the Complaint are as follows: Plaintiff David Elger ("Elger") was employed by Defendant Martin Memorial Health Systems, Inc. ("MMHS") as a community health director from 1986 until October 14, 1996 when MMHS terminated his employment. Elger alleges that his supervisor at MMHS carried on an affair with a female employee of MMHS who was a subordinate of Elger. During the course of the affair, Elger alleges that the subordinate carried on direct communications with Elger's supervisor and, over Elger's objection, was advanced by way of increased compensation and responsibilities over more deserving employees. Elger further alleges that the

subordinate was openly hostile and insubordinate to Elger but Elger's supervisor prevented Elger from taking any corrective action. Eventually, Elger was terminated and replaced by the subordinate. Elger alleges that the subordinate's advancement was based on either the supervisor's sexual involvement with the subordinate or fear of a sexual harassment claim and that the supervisor's actions resulted in unfair and inappropriate treatment of Elger based on sexual preference. Finally, Elger alleges that MMHS knew or should have known about the incidents through information received by third parties and provided by Elger to representatives of MMHS.

Elger filed a charge of sexual discrimination with the Equal Employment Opportunity Commission ("EEOC") and the State of Florida. Elger received a right to sue notice on June 2, 1997 and filed this action on August 11, 1997. Count I of the Complaint alleges that MMHS violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* by creating an intimidating, hostile and sexually offensive work environment. Count II alleges that MMHS violated the Florida Civil Rights Act, as amended, Fla. Stat. § 760.01 *et seq.* by creating an intimidating, hostile and sexually offensive work environment. Count III alleges that MMHS's actions constituted intentional infliction of emotional distress under Florida law

## DISCUSSION

### I. Motion to Dismiss Standard

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). On a motion to dismiss, the Court notes that it must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988), *cert. denied sub nom. Peat Marwick Main & Co. v. Tew*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). Consideration of matters beyond the complaint is improper in the context of a motion to dismiss. *Milburn*, 734 F.2d at 765 (11th Cir.1984).

A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citations omitted); *South Florida Water Management Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir.1996). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.

### II. Count I—Title VII Claim

MMHS argues that Count I should be dismissed because Elger fails to state a claim for a sexually hostile work environment under Title VII. The Court agrees.

There are five elements Elger must allege to establish a prima facie case of sexually hostile environment under Title VII:(1) he is a member of a protected group; (2) he was subjected to unwanted harassment; (3) the harassment was based on Elger's gender; (4) the harassment complained of affected a term, condition or privilege of employment; and (5) MMHS knew or should have known of the harassment and failed to take any action to prevent it. *See Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390 (11th Cir.1997); *Henson v. City of Dundee*, 682 F.2d 897, 903–05 (11th Cir.1982). Elger's claim is deficient because he fails to satisfy the third element of a sexually hostile work environment claim. The discrimination alleged by Elger is not based upon Elger's gender—the favoritism alleged by Elger is gender neutral and "more akin to nepotism" than sexism. *See Ayers v. American Tel. & Tel. Co.*, 826 F.Supp. 443 (S.D.Fla.1993). Generally, the law does not recognize a Title VII claim based on favoritism on behalf of a consensual sexual partner. *Ayers*, 826 F.Supp. at 445 (citing cases from various circuits). In addition, this finding is supported by the EEOC which states that "favoritism toward a 'paramour' may be unfair but it does not discriminate." EEOC Policy Guidance on Employer Liability under Title VII for Sexual Favoritism, EEOC Notice No. 915-048 (January 12, 1990). The Court

agrees with the result reached in *Ayers* and other similar cases. Accordingly, Count I of the Complaint will be dismissed.

### III. Count II—Florida Statutes

 As the Court is dismissing the Title VII claim, the Court has no jurisdictional basis for retaining the state claim of discrimination. Accordingly, Count II of the Complaint will be dismissed. 28 U.S.C. § 1367.

### IV. Count III—Intentional Infliction of Emotional Distress

MMHS argues that Count III should be dismissed because the allegations in the Complaint do not rise to the level of outrageousness required under Florida law. The Court agrees.

In Florida, a plaintiff must allege the following to establish a prima facie case for intentional infliction of emotional distress: (1) extreme and outrageous conduct; (2) an intent to cause, or reckless disregard to the probability of causing, emotional distress; (3) severe emotional distress suffered by the plaintiff; and (4) that the conduct complained of caused the plaintiff's severe emotional distress. *Vernon v. Medical Management Assoc. of Margate, Inc.*, 912 F.Supp. 1549, 1557 (S.D.Fla.1996). In addressing the first element of the tort, the Supreme Court of Florida has stated:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim "Outrageous!"

*Metropolitan Life Insurance Co. v. McCarson*, 467 So.2d 277, 278–79 (Fla.1985). The question of what constitutes outrageous conduct is a matter of law to be resolved by the court. *Vernon*, 912 F.Supp. at 1557 (citing *Dependable Life Ins. Co. v. Harris*, 510 So.2d 985, 988 (Fla.Dist.Ct.App.1987)).

In this case, Elger fails to establish a cause for intentional infliction of emotional distress. The Court finds the facts as a matter of law, even when read in the light most favorable to Elger, are not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Elger has failed to satisfy a necessary element of the tort—that the conduct was extreme and outrageous. Accordingly, a review of the additional elements is unnecessary and Count III of the Complaint will be dismissed.

### CONCLUSION

Based on the foregoing, it is ORDERED AND ADJUDGED that the Motion be, and the same is hereby, GRANTED. This case is CLOSED. All pending motions not otherwise ruled upon are DENIED AS MOOT. The Court's Order dated April 9, 1998 is hereby VACATED.