ORDER DISMISSING COUNT V OF PLAINTIFFS’ COMPLAINT AND REMANDING REMAINING COUNTS TO STATE COURT
 

 HIGHSMITH, District Judge.
 

 THIS CAUSE is before the Court upon Defendant’s motion to dismiss counts I, II and V of Plaintiffs’ complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, Defendant’s motion is granted with respect to count V. Further, because the sole basis for federal jurisdiction over this action is contained in count V of Plaintiffs’ complaint, this action is remanded to state court for disposition of the remaining state law claims.
 

 I. STANDARD OF REVIEW
 

 “A motion to dismiss tests the sufficiency of the complaint, not the merits of a suit.”
 
 Ichile v. City of Chicago,
 
 No. 95 C 3507, 1998 WL 565195, at *16 (N.D.Ill. Aug.31, 1998) (citing
 
 Triad Assocs., Inc. v. Chicago Hous. Auth.,
 
 892 F.2d 583, 586 (7th Cir.1989)). In assessing the sufficiency of the complaint, the Court must not look beyond the four corners of the complaint.
 
 See Milburn v. United States,
 
 734 F.2d 762, 765 (11th Cir.1984). Furthermore, the allegations in the complaint must be accepted as true, and construed in the light most favorable to the plaintiff.
 
 See Scheuer v. Rhodes,
 
 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974);
 
 see also Conley v. Gibson,
 
 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Thus, “[a] motion to dismiss is only granted when the movant demonstrates ‘beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ ”
 
 Harper v. Blockbuster Entertainment Corp.,
 
 139 F.3d 1385, 1387 (11th Cir.) (quoting
 
 Conley v. Gibson,
 
 355 U.S. at 45-46, 78 S.Ct. 99),
 
 cert. denied,
 
 525 U.S. 1000, 119 S.Ct. 509, 142 L.Ed.2d 422 (1998).
 

 II. FACTUAL BACKGROUND
 

 This action arises out of a February 4, 1997 high-speed vehicular pursuit involving the Hollywood Police Department and suspects in a car-jacking which had taken place one-day earlier. The decedent, Veronica Dunn, was not involved in the high-speed pursuit, but was fatally injured when the vehicle being pursued by the Hollywood Police Department collided with the vehicle she was travelling in with her companion, Winston Holness. Holness is the Plaintiff in a separate action which was initially filed in state court and then removed to this court, where it was assigned case number 99-7538-CIV-HI-GHSMITH. On February 25, 2000, the undersigned entered an order remanding the Holness case to state court for want of federal jurisdiction.
 

 Plaintiffs Bertha Levy and William Kristopher Murray, the decedent’s mother and minor son, initiated this action against Defendant in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. On February 18, 2000, Defendant removed the case to this court pursuant to 28 U.S.C. §§ 1331 and 1343(A)(3). Upon removal, the case was initially assigned to Judge William P. Dim-itrouleas. On March 23, 2000, the undersigned accepted a transfer of the case pursuant to Local Rule 3.9(C), which calls for separate actions that are closely related to be assigned to a single judge.
 

 Plaintiffs’ complaint asserts five separate causes of action against Defendant. The first four counts seek to impose liability upon Defendant under Florida law, based upon the actions of three Hollywood police officers. Count V is brought under 42 U.S.C. § 1983, asserting that the decedent was deprived of her right to substantive due process, guaranteed by the Fourteenth Amendment, when she was fatally injured in the collision. Count V provides the only basis for federal jurisdiction.
 

 
 *1346
 
 Defendant has now moved to dismiss counts I, II and V of Plaintiffs’ complaint for failure to state a claim. Plaintiffs oppose the motion to dismiss. In the event the motion is granted, however, Plaintiffs request that this case be remanded to state court.
 

 III. DISCUSSION
 

 A. Count V
 

 Count V of Plaintiffs’ complaint, brought under 42 U.S.C. § 1983, alleges that the decedent’s substantive due process rights were violated when Hollywood police officers became involved in a high-speed vehicular pursuit with a fleeing suspect'. According to the complaint, the police chase constituted “reckless disregard and deliberate indifference for the Plaintiffs life and liberty” by using excessive and dangerous methods to chase and/or apprehend the suspects. Compl. 1147.
 

 The United States Supreme Court has explicitly held that the factual allegations contained in Plaintiffs’ complaint are legally insufficient to state a substantive due process claim under § 1983. In
 
 County of Sacramento v. Lewis,
 
 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998), the Court rejected a substantive due process claim brought by the victim of a high-speed police pursuit that resulted in a vehicular accident. There, the Court stated:
 

 The issue in this case is whether a police officer violates the Fourteenth Amendment’s guarantee of substantive due process by causing death through deliberate or reckless indifference to life in a high-speed automobile chase aimed at apprehending a suspected offender. We answer no, and hold that in such circumstances only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation.
 

 118 S.Ct. at 1711-12. Simply put,
 
 County of Sacramento
 
 forecloses Plaintiffs’ § 1983 claim.
 

 Plaintiffs attempt to avoid the holding of
 
 County of Sacramento
 
 by parroting the standard for the deprivation of substantive due process rights articulated in that decision. Specifically, Plaintiffs’ complaint states that the Hollywood police officers acted with “a purpose to cause harm unrelated to the legitimate object of the arrest.” Compl. 1Í 47. This conclusory statement, however, is belied by Plaintiffs’ own factual recitation of the incident, which provides no grounds to support the allegation that the officers acted with a purpose to cause harm unrelated to apprehending the car-jacking suspects.
 

 From the complaint, it is clear that the decedent’s death tragically resulted from an all too common event, a high-speed police pursuit. While such pursuits are to some extent inherently dangerous, a high-speed pursuit, in-and-of-itself, does not constitute an attempt to cause harm so arbitrary that it shocks the conscience in a constitutional sense. Indeed, courts have found that high-speed police pursuits, involving conduct significantly more egregious than anything alleged in the instant case, do not rise to the level required under
 
 County of Sacramento
 
 to sustain a claim for the deprivation of substantive due process.
 

 In
 
 Prosser v. Francoeur, 85
 
 F.Supp.2d 736 (E.D.Mich. 2000), the court granted a defendant police officer’s motion for summary judgment in a § 1983 action alleging the deprivation of substantive due process. The court ruled that even though the officer fired shots into the car he was pursuing — -resulting in serious injury to one of its occupants — such conduct was not “[a]r-bitrary or conscience-shocking under the standard announced in
 
 County of Sacramento.” Id.
 
 at 738. Similarly,
 
 Davis v. Township of Hillside,
 
 190 F.3d 167 (3d Cir.1999) held that officers who engaged in a high-speed pursuit of a stolen vehicle did not commit a substantive due process vio
 
 *1347
 
 lation when they deliberately rammed the stolen vehicle causing the stolen vehicle to strike and injure an innocent bystander.
 
 See id.
 
 at 169.
 

 As the aforementioned cases demonstrate, in order for police conduct during a high-speed pursuit to rise to the level of a constitutional deprivation, the actions of the officers must be completely unrelated to the legitimate exercise of executing an arrest and must be done with the purpose to cause harm. The factual allegations of Plaintiffs’ complaint cannot support such a claim. Accordingly, Defendant’s motion to dismiss count V of Plaintiffs’ complaint is GRANTED.
 

 B. Remand
 

 In cases where the court’s jurisdiction is based solely upon a federal question, the district court has discretion whether to hear or to dismiss any state claims that are pendant to the federal claim that provides the basis for jurisdiction. See
 
 generally
 
 28 U.S.C. § 1367(c) (describing the broad discretion that district courts have to decline to exercise supplemental jurisdiction). If all the federal-law claims in an action have been eliminated early in the litigation and only pendant state-law claims remain, as is the case here, the court may remand the case, even though it was originally properly removed based upon federal question jurisdiction. Carne
 
 gie-Mellon University v. Cohill,
 
 484 U.S. 343, 349-351, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). In such cases, the balance of factors to be considered under the pendant jurisdiction doctrine— judicial economy, convenience, fairness, and comity — point strongly toward declining to exercise jurisdiction over the remaining state-law claims.
 
 See United Mine Workers of America v. Gibbs,
 
 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Therefore, the Court will remand Plaintiffs’ remaining state-law claims.
 

 IV. CONCLUSION
 

 Defendant’s motion to dismiss count V of the complaint asserting a substantive due process violation under 42 U.S.C. § 1983 is GRANTED. The remaining counts of Plaintiffs’ complaint are hereby REMANDED to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida for want of subject matter jurisdiction, pursuant to 28 U.S.C. § 1441(c). The Clerk of the Court is DIRECTED to mail a certified copy of this order to the Clerk of the Court for the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.
 
 See
 
 28 U.S.C. § 1447(c).