**Leonard WEIN and Access Now, Inc., Plaintiffs,**

**v.**

**AMERICAN HUTS, INC., Defendant.**

**No. 03–14236–CIV.**

United States District Court,
S.D. Florida,
Fort Pierce Division.

April 12, 2004.

Gene R. Zweben, Rebecca E. Lawrence, Schwartz, Zweben & Associates, Stuart, FL, for Plaintiff.

Camille E. Blanton, Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., West Palm Beach, FL, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO DISMISS

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant American Huts, Inc.'s Motion to Dismiss Access Now, Inc. as a Plaintiff for Failure to State a Claim (DE # 8) ("Motion to Dismiss").

UPON CONSIDERATION of the motion, the pertinent portions of the record, and being fully advised in the premises, this Court enters the following Order, GRANTING IN PART AND DENYING IN PART the Motion to Dismiss, and GRANTING Plaintiff Access Now, Inc. leave to amend its Complaint (DE # 1).

### BACKGROUND

The plaintiffs—Access Now, Inc. ("Access Now") and Leonard Wein ("Wein")—have brought this action against American Huts, Inc. ("American Huts"), pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and Florida Law. Plaintiffs seek declaratory and injunctive relief to correct alleged violations of the ADA, as well attorneys' fees, and costs. *See* Complaint ¶ 18. Injunctive relief is available under the ADA "to any person who is being subjected to discrimination on the basis of disability ... or who has reasonable grounds for believing that [he] is about to be subjected to [such] discrimination." 42 U.S.C.

§ 12188(a)(1); *see also* 42 U.S.C. § 2000a–3(a). Plaintiffs also seek injunctive and declaratory relief, as well as damages, based on alleged violations of the Florida Building Code and the Florida Americans with Disability Accessibility Implementation Act. *See* Complaint ¶¶ 19–31. Finally, pursuant to Florida Statute § 760.11(5), Plaintiffs "demand compensatory damages, damages for mental suffering, anguish, loss of dignity, and any other intangible injuries, punitive damages ..." *Id.* ¶ 38.

Access Now is a Florida non-profit corporation. Its members include both individuals with disabilities as defined by the ADA, and also the able-bodied. Access Now seeks compliance with the ADA, provides educational efforts to correct violations when found, and engages in litigation to require persons and entities in violation of the ADA to comply with the Act. *See* Complaint ¶ 4. Defendant American Huts owns, leases or operates the Pizza Hut restaurant (the "Restaurant") located at 1540 Federal Highway, Stuart, Florida, a place of public accommodation under the ADA. *See* 42 U.S.C. § 12181(7)(B).

Plaintiffs allege that the following violations of the ADA, Florida Accessibility Code and Florida Building Code, exist at the Restaurant: (1) the accessible parking space is too narrow; (2) the curb ramp protrudes into the vehicular path and is too steep; (3) the payment counter is too high; (4) the door going into the toilet room is too narrow; (5) the alcove into the toilet room is too small; (6) the hardware requires pinching, grasping, twisting of the wrists; (7) there is lack of maneuvering space within the toilet room; (8) there is no fully accessible stall; (9) many of the elements are out of reach range; and (10) there are numerous barriers to access within the toilet room. *See* Complaint

¶¶ 13, 26. As a result, Access Now, together with Wein, allege that "American Huts has discriminated and continues to discriminate against the Plaintiffs, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges and advantages and/or accommodations at the Restaurant." *See id.* ¶¶ 10, 24.

Before the Court is American Huts' Motion to Dismiss Access Now as a plaintiff in this action for failure to state a claim. *See* Motion to Dismiss ¶ 15. In support of its argument, American Huts claims that Access Now lacks standing to bring claims on behalf of its members. American Huts argues that Access Now does not state in its Complaint which of its members, other than Wein, were discriminated against and which of its members attempted to gain access to the Restaurant. *See id.* ¶ 4. American Huts further argues that Access Now fails to make its own allegations, but instead repeats Wein's allegations, and claims discrimination through association. *Id.* ¶ 5.

Access Now alleges in its Complaint that "members of Access Now visited the Defendant's premises and were unable to fully, safely and equally do so due to the Defendant's lack of compliance with the ADA." Complaint ¶ 4. Access Now argues that these facts are sufficient under Rule 8 of the Federal Rules of Civil Procedure to establish standing. *See* Access Now's Memorandum of Law in Response to Defendant's Motion to Dismiss (DE # 14) at 2–3 ("Response"). Access Now further argues that as a matter of law, it has associational standing to bring this action on behalf of its members. *See id.* For reasons set forth below, the Motion to Dismiss is GRANTED IN PART and DENIED IN PART, and Plaintiff Access Now is

GRANTED LEAVE TO AMEND its Complaint.

## DISCUSSION

### 1. Motion to Dismiss Standard

■ A motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case. *See Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984). For a motion to dismiss for lack of standing, the Court notes that it must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *see generally SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir.1988), *cert. denied sub nom. Peat Marwick Main & Co. v. Tew,* 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). Consideration of matters beyond the complaint is improper in the context of a motion to dismiss. *See Milburn,* 734 F.2d at 765 (11th Cir.1984).

■ A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citations omitted); *see S. Fla. Water Mgmt. Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir.1996). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.

### 2. The Requirements for Standing under Article III

■ If a party lacks standing to bring a matter before the court, the court lacks jurisdiction to decide the merits of the underlying case. To answer the question of standing, this Court must determine "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limits on its exercise." *See Warth,* 422 U.S. at 498, 95 S.Ct. 2197. The threshold question for these constitutional limitations is "whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III." *Id.* at 498–99, 95 S.Ct. 2197. A plaintiff invoking federal jurisdiction must allege "a personal stake in the outcome of the controversy." *Id.* (citing *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)). Pursuant to Article III of the U.S. Constitution, this Court's judicial power exists "only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally." *Id.* at 499, 95 S.Ct. 2197 (citations omitted). Apart from this minimum constitutional mandate, "a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* at 499, 95 S.Ct. 2197.

### 3. Associational Standing

■ Access Now claims that it has associational standing to bring this lawsuit on behalf of its members. *See* Response at 3. An association has standing to sue on behalf of its members when: (1) at least one of its members has standing to sue in his own right; (2) the interests at stake are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of the individual members in the lawsuit.

*See United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.,* 517 U.S. 544, 552–53, 116 S.Ct. 1529, 134 L.Ed.2d 758 (1996) (citing *Hunt v. Wash. State Apple Advertising Comm'n,* 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)).

Defendant cites an unpublished case from the District of New Hampshire to support its argument that even if Access Now satisfies the three prong test set forth in *Hunt,* this Court should find, based on prudential limits on the exercise of jurisdiction, that Access Now lacks standing. *See* Motion to Dismiss ¶ 10 (citing *Access 123, Inc. v. Markey's Lobster Pool, Inc.,* 2001 WL 920051 (D.N.H.2001) (finding that association plaintiff lacked standing because it merely repeated claims of the member plaintiff)). First, this decision is not binding upon this Court. Second, the facts of *Access 123* are easily distinguishable from the facts currently before this Court. In *Access 123,* the court found that no other member of Access 123, besides the co-plaintiff Muehe, had visited the defendant's restaurant. *Access 123,* 2001 WL 920051 at *3. Therefore, Access 123's associational standing was based upon Muehe's injury alone. *See id.* at *4. Here, Access Now has alleged that other members of its organization have visited American Huts' Restaurant. As noted above, for purposes of a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See supra.* The Court finds, based on the facts alleged in the Complaint, that Access Now's claims are not solely based upon Wein's injury.

### 4. Access Now Lacks Standing to Seek Damages

The Supreme Court has held that the third prong of the test set forth in *Hunt* is a prudential, not a constitutional, requirement. *United Food,* 517 U.S. at 557, 116 S.Ct. 1529. This prong "is not normally necessary when an association seeks prospective or injunctive relief for its members..." *Hunt* indicates, however, "that such participation [of an association's members] would be required in an action for damages to an association's members, thus suggesting that an association's action for damages running solely to its members would be barred for want of the association's standing to sue." *See id.* at 545, 116 S.Ct. 1529 (citing *Hunt,* 432 U.S. at 343, 97 S.Ct. 2434). The determination of "whether an association has standing to invoke the court's remedial powers on behalf of its members depends in substantial measure on the nature of the relief sought. If in a proper case the association seeks declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured." *See Warth,* 422 U.S. at 515, 95 S.Ct. 2197.

When an association seeks relief in damages, "the damages claims are not common to the entire membership, nor shared by all in an equal degree." *Id.* "[W]hatever injury may have been suffered is peculiar to the individual member concerned, and both the fact and extent of injury would require individualized proof." *Id.* at 515–16, 95 S.Ct. 2197. To seek relief in damages, as Access Now does here, each member of Access Now who claims injury as a result of American Huts' ADA violations must be party to the suit. Therefore, Access Now has no standing to claim damages on behalf of these individual members. *Id.*

While Access Now has sufficiently alleged facts to establish that it has standing

to pursue declaratory and injunctive relief on behalf of its members, Access Now lacks standing to bring its claims for "compensatory damages, damages for mental suffering, anguish, loss of dignity, and any other intangible injuries, punitive damages," before this Court.[1]

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that American Huts' Motion to Dismiss Access Now as a Plaintiff for Failure to State a Claim (DE # 8) is GRANTED IN PART, to the extent that Access Now lacks standing to seek damages. The remainder of the Motion to Dismiss is DENIED. Plaintiff Access Now is GRANTED LEAVE TO AMEND its complaint, in accordance with the above. Access Now shall file an Amended Complaint within eleven (11) days from the date of this order.

---

1. Plaintiff Access Now cites two orders and one report and recommendation from this District to support its argument that it has standing to bring claims of behalf of its members. *See* Response at 7–8 (citing *Access Now, Inc. v. Yashar*, 00–CV–2224 (DE # 23) (ordered Mar. 27, 2001); *Access for the Disabled, Inc. v. Splitting Ates, Inc.*, 01–CV–7209 (DE # 17) (ordered Nov. 28, 2001); *Access Now, Inc. v. O'Neil Theaters, Inc.*, 99–CV–7160 (DE # 32) (issued Apr. 26, 2000)). In

all three of these actions, the court determined that the "association" plaintiffs had satisfied the three prongs of the *Hunt* test and therefore had associational standing to bring their claims on behalf of their members. This Court notes, however, that the plaintiffs in each of these actions were seeking only declaratory and/or injunctive relief, not damages. Therefore, this Order is consistent with the opinions in those actions.