SMITH BARNEY, INC., et al., Plaintiffs,

v.

John P. SCANLON as Trustee of the Irrevocable Trust of Anna Grace O'Dell d/t/d 9/11/85, et al., Defendants.

No. 97–8996–CIV.

United States District Court,
S.D. Florida,
West Palm Beach Division.

May 8, 1998.

Anne Tennant Cooney, Steel Hector & Davis, L.L.P., West Palm Beach, FL, for plaintiff.

Jonathan Perlman, Melanie Cherdack, Blum, Perlman & Cherdack, Miami, FL, for defendant.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Plaintiff's Motion for Preliminary Injunction (DE # 3/# 12) and Defendant's Motion to Dismiss Amended Complaint or Alternative Motion for Summary Judgment (DE # 7/ # 16).

UPON CONSIDERATION of the motions, responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## BACKGROUND

Plaintiffs Smith Barney Inc., George Sidor and William Gibbs (collectively, "Plaintiffs") bring this action seeking to enjoin Defendants John P. Scanlon, as Trustee of the Irrevocable Trust of Anna Grace O'Dell d/t/d 9/11/85 and John P. Scanlon, as Successor Trustee of the Anna Grace O'Dell Charitable Remainder Unitrust d/t/d 12/15/76 (collectively, "Defendants") from arbitrating claims against Plaintiffs that Plaintiffs allege are ineligible for arbitration pursuant to the parties' agreements and the rules of the National Association of Securities Dealers, Inc. ("NASD"). Defendants' claims are based on allegations that Plaintiffs wrongfully sold Defendants certain life insurance policies. Plaintiffs argue that the claims are ineligible for arbitration under Section 10304 of the NASD Code of Arbitration Procedure ("NASD Code") because they were not filed within the six-year period prescribed by the NASD Code.[1]

Two agreements entered into between the parties are central to the Court's ruling on the motions: The Security Account Limited Discretionary Authority Authorization (the "Authorization Agreement") and the Uniform Submission Agreement (the "Submission Agreement"). The Authorization Agreement in paragraph 7 states, in pertinent part, the following:

"7. Arbitration Disclosures

ARBITRATION IS FINAL AND BINDING UPON THE PARTIES.

THE PARTIES ARE WAIVING THEIR RIGHT TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO JURY TRIAL.

ARBITRATION. Any controversy: (1) arising out of or relating to any of my accounts maintained individually or jointly with any other party, in any capacity with you; or (2) relating to my transactions or accounts with any of your predecessor firms by merger, acquisition or other business combination from the inception of such accounts; or (3) with respect to transactions of any kind executed by, through or with you, your officers, directors, agents and/or employees; or (4) with respect to this agreement or any other agreements entered into with you relating to my accounts, or the breach thereof, shall be resolved by arbitration conducted only at the New York Stock Exchange, Inc., National Association of Securities Dealers, Inc., or the American Stock Exchange, Inc. or any self regulatory organization ... pursuant

---

1. Section 10304 of NASD Code states:
   "No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy."

to the arbitration procedures then in effect of any such exchange ... as I may elect."

The Submission Agreement filed with the NASD in connection with Defendants' claim states the following:

"The undersigned parties hereby submits [sic] the present matter in controversy, as set forth in the attached statement of claim, answers and all related counter-claims and/or third party claims which may be asserted, to arbitration in accordance with the Constitution, By–Laws, Rules, Regulations and/or Code of Arbitration Procedure of the sponsoring organization [NASD]."

Defendants filed a motion to dismiss, or in the alternative motion for summary judgment, arguing that the arbitrator, not the court, has jurisdiction to determine whether Defendants' claim is arbitrable. Plaintiffs filed a motion for a preliminary injunction seeking to enjoin Defendants from arbitrating their claim. Both motions are ripe for disposition and because the arguments with respect to each motion are interrelated, the Court will address both motions simultaneously.

### DISCUSSION

Prior to granting a preliminary injunction, the Court must find that: (1) there is a substantial likelihood the moving party will prevail on the merits; (2) there is a substantial threat the moving party will be irreparably injured if the injunction is not granted; (3) the threatened injury to the moving party outweighs the threatened harm to the non-moving party; and (4) granting the preliminary injunction would not be adverse to the public interest. *Duke v. Cleland*, 954 F.2d 1526 (11th Cir.1992).

█ A motion to dismiss merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988), *cert.*

*denied sub nom. Peat Marwick Main & Co. v. Tew*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citations omitted); *South Florida Water Management Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir.1996). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.

█ Generally, consideration of matters beyond the complaint is improper in the context of a motion to dismiss. *Milburn*, 734 F.2d at 765 (11th Cir.1984). However, when a plaintiff refers to a document in the complaint and that document is central to the plaintiffs claim, then the Court may consider the document as part of the pleadings for purposes of ruling on a motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364 (11th Cir.1997). In this case, Plaintiffs did not attach a copy of the Authorization Agreement to their Amended Complaint. However, because the Authorization Agreement is central to adjudicating both parties' claims, the Court will consider the Authorization Agreement as part of the pleadings. Accordingly, the Court will not convert Defendants' motion to dismiss into a motion for summary judgment.

█ In support of its motion for a preliminary injunction and in opposition to Defendants' motion to dismiss, Plaintiffs direct the Court to *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cohen*, 62 F.3d 381 (11th Cir. 1995), which Plaintiffs argue requires this Court to rule whether Defendants' arbitration claim is eligible for NASD arbitration prior to the commencement of the arbitration. In *Cohen*, Merrill Lynch argued that certain claims alleged by the plaintiff were time-barred under Section 15[2] of the NASD Code and thus not arbitrable. *Id.* at 382. The district court held that the question whether the plaintiff's claims were time-

---

2. The NASD Code was renumbered in 1996 and Section 15 was renumbered as Section 10304.

barred was to be decided by the arbitrator, not the court. The Eleventh Circuit reversed, holding that "unless the parties clearly and mistakenly provide otherwise, the question of whether the parties agreed to arbitrate is to be resolved by the court, not the arbitrator." *Id.* at 382. (quoting *AT & T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)); *see also First Options of Chicago v. Kaplan,* 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). The Court held that while it is clear that parties will not be forced to arbitrate claims they have not agreed to arbitrate, *see Mastrobuono v. Shearson Lehman Hutton,* 514 U.S. 52, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995), the will of the parties must be respected. If there is clear and unmistakable evidence that the parties intended to have a particular issue arbitrated, the court will respect the parties' decision. Thus, the Court "must look to the parties' agreement and attempt to determine their intentions." *Cohen,* 62 F.3d at 384 (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) (as with any contract, parties intention with respect to arbitrability control)). Accordingly, based on a review of the Authorization Agreement and the Submission Agreement, the Court finds that the NASD, rather than the Court, has jurisdiction to determine whether Defendants' claim is arbitrable.

As previously noted, the Authorization Agreement states that "[a]ny controversy arising out of or relating to any of my accounts ... or (4) with respect to this agreement" shall be resolved by arbitration. The Authorization Agreement also states that "[t]he parties are waiving the right to seek remedies in court ..." The Court finds that the language of the agreement is "clear and unmistakable" evidence that the parties agreed to submit all their claims to arbitration, including those regarding eligibility for arbitration. *See also Singer v. Smith Barney Shearson,* 926 F.Supp. 183 (S.D.Fla. 1996); *Advest, Inc. v. Antin,* Case No. 96–6162–Civ–Gonzalez (S.D.Fla. May 29, 1996), *aff'd,* 111 F.3d 897 (11th Cir.1997). The Court in *Cohen,* cites no such language. *See also Dean Witter Reynolds Inc. v. Pollack,* Case No. 96–6397–Civ–Davis (S.D.Fla. May 29, 1996) (granting preliminary injunction but containing no waiver of court remedies language); *Dean Witter Reynolds v. Goyette,* Case No. 96–1081–Civ–T–21B (M.D.Fla. July 18, 1996) (same). Thus, *Cohen* and the other cases cited by Plaintiff are distinguishable from this case.

In addition, the Submission Agreement states that "the undersigned parties hereby submits the present matter in controversy ... to arbitration." Plaintiffs argue that pursuant to such language, Defendants did not agree to arbitrate "any controversy" and did not agree that the parties were "waiving their rights to seek remedies in court" but rather exclusively agreed to submit the present matter in controversy to arbitration. Plaintiffs further argue that by executing the Submission Agreement, Defendants modified and superceded the Authorization Agreement. Therefore, Plaintiffs argue, the terms of the Submission Agreement apply. Plaintiffs cite the recent Eleventh Circuit decision in *Dean Witter Reynolds, Inc. v. Fleury,* 138 F.3d 1339 (11th Cir.1998), holding that the submission agreement in that case modified the earlier account agreements where the parties agreed to arbitrate. The Court held that under the Federal Arbitration Act the submission agreement, being "an agreement in writing to submit to arbitration an existing controversy," is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.*; 9 U.S.C. § 2 (1994).

The Court does not dispute that the Submission Agreement is a "valid, irrevocable and enforceable" contract. In reviewing the Submission Agreement, however, the Court believes that the phrase "present matter in controversy" itself includes whether or not the claim is arbitrable. More important is the language in the Authorization Agreement that states "Any controversy ... (4) with respect to ... *any other agreements* entered into with you relating to my accounts, or any breach thereof, shall be resolved by arbitration." Based on such language, the Court finds that the Submission Agreement does not modify or supercede the Authorization Agreement.

Despite Plaintiffs' arguments, the Court cannot ignore the plain language of the agreements. Because the Court finds that the parties have clearly and unmistakably contracted to submit any controversy to arbitration and specifically waive their rights to seek remedies in court, the NASD, not the Court, has jurisdiction to rule on the eligibility of Defendants' claim.

## CONCLUSION

Based on the foregoing, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's Motion for a Preliminary Injunction be, and the same is hereby, DENIED;

(2) Defendants' Motion to Dismiss Amended Complaint or Alternative Motion for Summary Judgment be, and the same is hereby, GRANTED.

This case is CLOSED. All motions not otherwise ruled upon are DENIED AS MOOT.