**DEAN WITTER REYNOLDS, INC., Plaintiff,**

v.

**Marjorie DAILY, Defendant.**

**No. 97–14318–CIV.**

United States District Court, S.D. Florida, Fort Pierce Division.

May 29, 1998.

Ane T. Cooney, Steel Hector & Davis, West Palm Beach, FL, for Plaintiff.

Lonnie K. Browne, Davis Gordon Doner & Chandler, West Palm Beach, FL, for Defendant.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (DE # 5) and Defendant's Motion to Compel Arbitration and Stay This Action (DE # 9).

UPON CONSIDERATION of the Motions, responses, and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## BACKGROUND

In February 1989, Defendant Majorie Daily ("Daily") signed an Active Assets Account Agreement (the "Account Agreement") with securities broker/dealer Plaintiff Dean Witter Reynolds Inc. ("Dean Witter"). In April 1989, Daily, through a broker employed by Dean Witter, invested $20,000 in Aircraft Income Partners, L.P. ("AIP").

On or about July 22, 1997, Daily filed a Uniform Submission Agreement and Statement of Claim for arbitration with the National Association of Securities Dealers, Inc. ("NASD"). In the Statement of Claim, Daily seeks recission of her $20,000 investment in AIP based upon Dean Witter's misrepresentations, fraud, negligence and reckless disregard for the best interests of Daily. Daily also requests punitive damages, attorney's fees and costs.

On August 29, 1997, Dean Witter filed the Complaint in this action seeking both preliminary and permanent injunctive relief enjoining Daily from arbitrating her claim. Dean Witter alleges that Daily's claim is ineligible for arbitration because it was brought more than six years after the occurrence or event giving rise to the arbitration claim, in violation of Section 10304 of the NASD Code of Arbitration Procedure.[1] Daily filed a motion to dismiss for lack of subject matter jurisdiction over this matter arguing the amount in controversy is less than $75,000. *See* 28 U.S.C. § 1332. Daily also has filed a motion to compel arbitration and stay this action because under New York law, which Daily argues applies to this action, the arbitrator, not the court, decides the issue of arbitrability. The Court will address each motion in succession.

## DISCUSSION

### I. Motion to Dismiss

Pursuant to 28 U.S.C. § 1332, this court has original jurisdiction over matters involving citizens of different states when the amount in controversy exceeds $75,000. There is no dispute that Daily and Dean Witter are citizens of different states for jurisdictional purposes. Daily argues, however, that the amount in controversy does not meet the jurisdictional threshold because the

---

**1.** Section 10304 of NASD Code states:
"No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy."

investment equaled only $20,000. Dean Witter alleges that the amount in controversy requirement is met by virtue of aggregating Daily's request for $20,000 plus the attorney's fees and punitive damages that potentially may be awarded. A diversity case will not be dismissed "unless it appears to a legal certainty that plaintiff's claim is actually for less than the jurisdictional amount." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). While the Court believes Dean Witter's argument is tenuous, the Court cannot say to a "legal certainty" that the amount in controversy is less than $75,000. Accordingly, the Court has subject matter jurisdiction over this controversy and Daily's motion to dismiss will be denied.

## II. Motion to Compel Arbitration and Stay this Action

In her motion to compel, Daily argues that New York law applies to this diversity action by virtue of the choice of law provision found in the Account Agreement.[2] Daily further argues that in accordance with New York law, the arbitrator, not the court, should decide whether the claim is eligible for arbitration. *See Smith Barney Shearson Inc. v. Sacharow*, 91 N.Y.2d 39, 666 N.Y.S.2d 990, 689 N.E.2d 884 (1997); *PaineWebber v. Bybyk*, 81 F.3d 1193 (2d Cir.1996). In opposition, Dean Witter argues that federal law—in particular the law of the Eleventh Circuit—applies and the court, not the arbitrator, decides the issue of claim eligibility. *See Merrill Lynch Pierce Fenner & Smith, Inc. v. Cohen*, 62 F.3d 381 (11th Cir.1995).

In *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995), the Supreme Court analyzed the conflict between arbitration and choice of law provisions in an agreement between a broker and client. The issue in the case focused on whether an arbitrator's award of punitive damages was valid given that the agreement was governed by New York law, which did not allow arbitrators to award punitive damages. The Court held that despite the choice of law provision, the

award was valid. Based upon the "national policy favoring arbitration," the Court reasoned that the "choice of law provision covers the rights and duties of the parties, while the arbitration clause covers arbitration." *Id.* at 56, 64, 115 S.Ct. 1212.

In a case with similar facts to this case, the First Circuit rejected the same argument as presented here by Daily. *PaineWebber Inc. v. Elahi*, 87 F.3d 589 (1st Cir.1996). In *Elahi*, the issue centered on whether courts or arbitrators are charged with determining eligibility under Section 15. There, as in this case, the agreement between the parties included an arbitration provision whereby the parties agreed to arbitrate "any controversy" and a choice of law provision that stated the "agreement and its enforcement shall be construed and governed by the laws of the State of New York." *Id.* At 592. PaineWebber argued that the choice of law provision required the court to apply New York law. Following a detailed discussion of federal arbitration law and Supreme Court guidance on the issue (in particular, *Mastrobuono*), the court rejected PaineWebber's argument, finding that "the choice of law clause ... is not an expression of intent to adopt New York caselaw requiring the courts to apply Section 15." *Id.* at 594. In addition, the court noted that "the breadth of the arbitration clause—encompassing 'all controversies concerning any transaction' as well as the 'construction, performance or breach' of the agreement—militates against reading the choice of law clause as a limit on the arbitrator's power." *Id.* Accordingly, the court analyzed Section 15 within the scope of the federal arbitration law. Because it was an issue of first impression in the First Circuit, the court conducted its own analysis, ultimately rejecting the law of the Eleventh Circuit and aligning itself with the minority circuits that hold that arbitrators determine eligibility. Despite the ultimate result, the First Circuit's analysis concerning the choice of law provision is persuasive. *See also Dean Witter Reynolds Inc. v. Badini*, Case No. 97–7407 (April 3, 1998) (order following the reasoning in *Elahi*); *Bybyk*, 81 F.3d at

---

**2.** The provision states that "Part I, IA and Part IV [the Arbitration provision] and its enforce-

ment shall be governed by the laws of the State of New York."

1200 ("[U]nder the Federal Arbitration Act, [a party] is not prevented by the New York choice of law provision from arbitrating issues of timeliness ..."). The Court further notes that the Federal Arbitration Act ("FAA") is "a congressional declaration of a liberal federal policy favoring arbitration" and was created to form a "body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). There is no dispute the Account Agreement is within the scope of the FAA because it is one clearly "involving commerce." *See Allied–Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). Thus, the Court finds that the Account Agreement is subject to federal arbitration law rather than New York law.

■ Upon determining that federal law applies, the Court is bound by the law as dictated by the Supreme Court and the Eleventh Circuit. In *Merrill Lynch Pierce Fenner & Smith v. Cohen*, 62 F.3d 381 (11th Cir.1995), Merrill Lynch argued that certain claims alleged by the plaintiff were time-barred under Section 15 [3] of the NASD Code and thus not arbitrable. *Id.* at 382. The district court held that the question whether the plaintiff's claims were time-barred was to be decided by the arbitrator, not the court. The Eleventh Circuit reversed, holding that "unless the parties clearly and mistakenly provide otherwise, the question of whether the parties agreed to arbitrate is to be resolved by the court, not the arbitrator." *Id.* at 382. (quoting *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)); *see also First Options of Chicago v. Kaplan*, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). The Court held that while it is clear that parties will not be forced to arbitrate claims they have not agreed to arbitrate, *see Mastrobuono*, the will of the parties must be respected. If there is clear and unmistakable evidence that the parties intended to have a particular issue arbitrated, the court will respect the parties' decision. Thus, the Court "must look to the parties' agreement and attempt to determine their intentions." *Cohen*, 62 F.3d at 384 (citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) (as with any contract, parties intention with respect to arbitrability control)).

The Account Agreement provides, in pertinent part:

"I agree and you agree by carrying any account in which I have an interest that *all controversies* between me and you or your agents, representatives or employees arising out of or concerning any such account, any transactions, between us or for such account, *or the construction, performance or breach of this or any other agreement between us,* whether entered into prior, on or subsequent to the date below, shall be determined by arbitration in accordance with the rules of the National Association of Securities Dealers, Inc.... as I may elect.... Claims arising under the federal securities laws may be resolved by arbitration if I voluntarily agree to such proceeding after the claim arises." (emphasis supplied).

The Court finds that the language of the agreement is "clear and unmistakable" evidence that the parties agreed to submit all their claims to arbitration, including those regarding eligibility for arbitration. The Court in *Cohen* cites no such language. *See also Singer v. Smith Barney Shearson*, 926 F.Supp. 183 (S.D.Fla.1996); *Advest, Inc. v. Antin,* Case No. 96–6162–Civ–Gonzalez (S.D.Fla. May 29, 1996), *aff'd,* 111 F.3d 897 (11th Cir.1997); *Elahi,* 87 F.3d at 594.

Despite Dean Witter's arguments, the Court cannot ignore the plain language of the agreement. Because the Court finds that the parties have clearly and unmistakably contracted to submit any controversy to arbitration, the NASD, not the Court, has jurisdiction to rule on the eligibility of Daily's claim. Accordingly, Daily's motion to compel arbitration will be granted. Because the Court's findings resolve the outstanding issues in this action, Daily's motion to stay this action will be denied as moot.

---

**3.** The NASD Code was renumbered in 1996 and Section 15 was renumbered as Section 10304.

## CONCLUSION

ORDERED AND ADJUDGED that Daily's Motion to Dismiss be, and the same is hereby, DENIED and Daily's Motion to Compel Arbitration and Stay This Action be, and the same is hereby, GRANTED, only as to Daily's Motion to Compel Arbitration. Daily's Motion to Stay This Action is DENIED AS MOOT.

This case is CLOSED. All motions not otherwise ruled upon are DENIED AS MOOT.